ABIGAIL SHAW *vs.* JANE SHAW.

In an action on book, the auditor must report the *facts,* not the *evidence* of those facts; but the court will make all the presumptions necessary arising from the facts reported.

Where the plaintiff has rendered services in part performance and consideration of a parol contract for the purchase of land, he cannot rescind such contract and treat it as void and recover for said services unless the defendant is unable or unwilling to proceed.

This was an action on book, referred to an auditor, from whose report the following facts appear :

Jonathan Shaw, husband of the defendant, by his will devised his real estate to the defendant for life, and after her decease, to be left for the support of his two daughters, Sarah and Susannah. He died leaving three sons, Benjamin, (husband of the plaintiff) Daniel and Peter, and four daughters. After·the decease of Jonathan, the defendant was for some time supported by the three sons. — After a few years, an agreement was made between the three sons that Benjamin should take the defendant and support her during life, taking the use of the land, and then to have the land forever. The defendant then went to live in Benjamin's family, and was there supported by him during his life, he taking the use of the land ; of which land he sold five acres, of which the defendant gave a deed, and Benjamin received the pay. After the decease of Benjamin, his widow (the plaintiff) continued to support the defendant, taking the use of the land in the same way her husband had done, and whenever spoken to on the subject, said, she should try to fulfil the agreement of her husband. After two years and seven months, the plaintiff refused to proceed further, and commenced this action to recover for the support of defendant during said 2 years and 7 months. The auditor adjusted the account, finding a balance for the plaintiff for said support, after deducting the use of the land. The county court, on this report, rendered judgment for the defendant, to which there was exception.

*B. H. & D. A. Smalley for plaintiff.*—There was no contract between Benjamin Shaw and the defendant. It is true these are facts in the case from which the auditor might perhaps have inferred a contract if he thought him-

CHITTENDEN,
January,
1834.

Shaw
vs.
Shaw.

self justified in doing so; but as he has not found any, the court are not at liberty to weigh the evidence and make out a contract by inference which the auditor has not found, and which the court are bound to suppose he did not feel justified in finding; for if he had, it was his duty so to report.—*Wood* vs. *Barney*, 2 Vt. R. 369.

Admitting that Benjamin Shaw made a contract with defendant to support her, it does not appear by the report that the contract was assumed by the plaintiff without the defendant assented to it; and it does not appear that she even knew that any contract existed.—*Skinner* vs. *Conant*, 2 Vt. R. 453.

The auditor might have presumed this assent from circumstances, but this is a presumption which *he* is to make, if it could be made, and not the court. But if the court are at liberty to presume facts, the presumption is that she did assent to it; for it is a fact to which the defendant is a competent witness, and might have proved by her own oath, if it existed.—Vide authorities above quoted.

If such a contract was made, as contended for by the defendant, it was void, and the plaintiff is at liberty so to consider it, and recover back whatever has been paid upon it.—14 John. Rep. 358.—11 John. 584.—Chitty on Con. 207.—*Rice* vs. *Pert*, 15 John. 503.

This contract must be binding on both, or neither: But in this instance, neither plaintiff or defendant could recover damages at law for the breach, or compel an execution by resorting to a court of equity, for two reasons:

1st, It is a parol contract for an interest in lands, and therefore void at law.—Swift's Dig. 191.— 1 Caine's Rep. 583.—Statute, 166.

2d, The plaintiff had not, at the time of the contract, or at any subsequent period, a title to the estate which she was by contract to carry. If any contract can be presumed, from the facts in this case, it was a contract to give Benjamin Shaw, or the person who should execute the contract on his part, a title in fee simple to the real estate of Jonathan Shaw. Now this title was not in the power of the defendant to give.

The fee simple of this estate was undisposed of by the will, and rested by descent in the heirs of the testator after

CHITTENDEN,
*January,*
1834.

Shaw
*vs.*
Shaw.

the termination of the life estate charged with the support of Sarah and Susannah Shaw, during their lives.

This charge upon the estate might not have exhausted the whole estate : If it did, then the right of the heirs at law was gone : If it did not, and any thing remained, they had the benefit.  The defendant, therefore, had not the power of making a title to the estate, which, by the contract, she attempted to convey.  She could dispose of nothing more than the use and occupation of the premises, during her life.  If so, equity will not decree a special performance.—1 Maddock's Chan. 410, *a.*

3d, If the defendant was to give the plaintiff a good title to the premises, and it afterwards appeared that she had it not in her power so to do, the plaintiff is at liberty to treat the contract rescinded, and recover back what she had paid upon it, and that too, without waiting to see whether the defendant might ultimately be able to establish a good title or not.  Nor would she be bound to accept a doubtful title.—*Judson* vs. *Wass,* 11 John. 585.— 5 Taunton, 625.—*Wilder* vs. *Ford,* 4 Taunt. 334.—6 Taunt. 258.—*Chambers* vs. *Griffith,* 1 Esp. 150.—Peters. Abr. 463.—*Boyd* vs. *Stone,* 11 Mass. 342.

There was not such a part performance of the contract on the part of the plaintiff as would take the cause out of the operation of the statute.  It probably will not be contended that a special action on the contract could be sustained : And we have already seen that the court of chancery will not decree a specific performance unless it is in the power of the defendant to comply with the decree; which it certainly was not in the present instance.  But suppose the defendant had a good title to the premises in fee simple, would a court of chancery, upon the fact stated, decree a specific performance ?  In the case of *Meech* vs. *Stone & Perry,* (1 Chip. Rep. 189,) the court say, " When redress is given in the cases of part performance, the true ground on which it is given is that of fraud, which consists not merely in the non-performance of a promise, but something more ;" and afterwards add, " It is examined as a fraud, and the agreement is produced, not merely as an agreement, but as the instrument and means of fraud."  Does this case present, then, any thing more than

CHITTENDEN,
January,
1834.

Shaw
vs.
Shaw.

the non-fulfilment of a promise?—*Meech* vs. *Stone*, 1 Chip. Rep. 189.—*Boyd* vs. *Stone*, 11 Mass. 342.

If it does, we have not been able to perceive it: So far as there is any performance, it is wholly on the part of the plaintiff: And the court, in Massachusetts, in the case of *Kidder* vs. *Hunt*, (1 Pick. 328,) have decided that part performance will not take a case out of the statute, so as to enable the party who has partly executed it, to enforce it against the other.

*Maeck for defendant.*—1. Where a party agrees to perform one entire and indivisible contract, for a specific sum, the performance of the contract is a condition precedent to his right of recovery; and if, after a part performance, he voluntarily abandon his contract, without any impossibility on his part to perform it, and without any consent or default of the other party, he is not entitled to recover for such part performance.—17 John. R. 72.—12 John. 165.—19 do. 337.—13 John. 94 & 359.—14 do. 452.—14. Mass. 282 & 266.—2 Pick. 207.—7 do. 181.— 2 Mass. 147.—4 Mass. 514.—1 M. & Selw. 290.—9 Bar. & Cress. 92.—8 Cowan, 63.—1 Wendell, 514.

The only cases where the party has been entitled to recover, without a literal performance, are those cases where the contract has been waived, or has been substantially performed or accepted by the other party.—See the distinction drawn in 7 Pickering, above cited, and other cases.

2. When services are performed under an expectation to receive a particular thing in remuneration, therefor, and not in expectation of a reward or in nature of a debt, if the party so performing the services fail to receive the particular thing, without any fault of the other party, he cannot recover without an express promise to pay either before or after the services were performed. So if he had done them under the expectation of a legacy—or left it entirely at the option of the party for whose benefit the services were performed, whether he would pay or not, and how much.

This case comes within the operation of the last rule. The plaintiff expected to be remunerated in a particular

CHITTENDEN,
January,
1834.

Shaw
vs.
Shaw.

way, by the estate left by J. Shaw's will, and it was her own fault she did not receive it. She never expected to make the defendants personally liable, nor did they ever expect to be charged. In support of this last position, the following authorities are in point.—2 Strange, 278, *Osborne* vs. *Gov'rs of Guy's Hospital.*—4 Dall. 111 & 130. 1 Esp. R. 188.—4 Yeates, *Snyder* vs. *Castor*, 353–8.— *Owen* vs. *Bowen*, 4 Cam. & Payne, 93.

3. But if the first proposition is not true in all cases which might come within its scope, it is true in all that class of cases where a specific thing other than money is to be given as a compensation for the whole and entire performance of the plaintiff's contract, and the plaintiff, after a partial performance, refuses to complete the whole.

This is not a distinction without a difference, but is well warranted by the foregoing authorities, and stands upon a sound foundation in itself. A party, without fault upon his part, can never be precluded from performing his contract according as he made it. The thing to be rendered may be indivisible of itself, and as all judgments at law are payable in money, it would be a great hardship upon a party to pay money when he had never agreed to, or done no act which by the terms of the agreement would give the plaintiff the right of compelling him. If A agrees to pay B a particular horse, or a particular lot of land, in consideration B would support him a year, it is believed if B, after supporting him six months, should refuse to perform the contract farther, and sue him, a court of law would be troubled to find one adjudged case or one sound principle to sustain the action.

But the defendant insists that this contract was void; and the parties cannot be considered, therefore, as having acted under it. They say it is within the statute of frauds. To which we answer,

1st, That the statute does not make the contract void, but only takes away the right of enforcing it.—*Crosby* vs. *Wadsworth*, 6 East. 602.—1 Sw. Dig. 260.

2d, The contract has been executed. Acts done by a party under a parol contract, are binding upon him the same as though the contract had been in writing; and if

CHITTENDEN,
*January,*
1834.

Shaw
*vs.*
Shaw.
he purchases by parol, and pays part of the purchase mon-ey, he is not entitled to rescind the contract and treat it as a nullity, and recover for his advances, unless the other party has refused to perform on his part.—*Dowdle* vs. *Camp*, 12 John. 451. This was the sole question in this case, and so ruled; and likewise *Wells* vs. *Banister*, 4 Mass. 514.—13 John. 359, *Ketchum* vs. *Evertson.*—14 John. 452, *Caswell* vs. *Black River Manufacturing Company.*— *Stephens* vs. *Cushing;* Adams' N. H. Rep. 17.

The statute never did apply to executed agreements, but to executory agreements.

The opinion of the Court was pronounced by

COLLAMER, J.—It is insisted for the plaintiff, that she ought to recover, because the auditor does not report, directly, that the defendant ever agreed to the arrangement made by Benjamin Shaw with his brothers. An auditor's report does not resemble a special verdict in every respect and in all its consequences. On a special verdict, the court must render judgment; but on an auditor's report, it may be recommitted to supply defects. The auditor must report *facts*, not the *evidence* of those facts; but the court may make all the presumptions which necessarily follow from the facts reported, without putting the parties to the expense and trouble of going again to the auditor for him to report those presumptions; and therefore, where the facts reported by an auditor make a satisfactory *prima facie* case, the court will render judgment. In this case, the auditor reports that after the contract was made between Benjamin and his brothers, the defendant submitted to it by residing with him, permitting him to use the land without rent or account, and actually deeding a part, where he directed, and he took the pay. After all this, it must be extremely sceptical to say the defendant was not consenting to that arrangement. The same may be said in relation to defendant's consenting to the plaintiff's going on with her husband's contract.

It is next insisted, that the plaintiff is entitled to recover, because the defendant is unable to convey the land in fee; as it was a fee simple estate the plaintiff's husband was to have. It is, however, most obvious that Benjamin

was not to have the fee from the defendant, nor ·did she

ever so agree.   All her part of the agreement was the use
during her life, which it does not appear she was either
unable or unwilling to grant.   For the remainder, Benja-
min relied on his *brothers'* contract; and to them he, and
the plaintiff claiming under him, should look.

It is urged for the plaintiff, that this was a contract for
the sale of land, or an interest therein, and void under the
statute, not binding on the defendant, and therefore, for
want of reciprocity, not binding on the plaintiff; and it is
therefore concluded the plaintiff is entitled to recover for
the support rendered.

The statute does not declare such parol contracts void.
It only provides that no action shall be maintained there-
on, and in this case the action is not on the contract—it is
the defence which is thereon.   The statute applies only to
executory contracts, not to those in whole or in material
part executed.   Therefore, when one party has partly per-
formed under such a contract, he cannot recover for what
he has done, unless the other party insist upon the statute,
and refuse to perform.   This is too obviously just to re-
quire comment, and to disregard it would do violence to
every leading principle.   The contract cannot be consid-
ered void so long as he, for the protection of whose rights
the statute is made, is willing to treat and consider the
contract good.   Such is the case in *Dowdle* vs. *Camp*, (12
John. Rep. 451.)   In the case of *Gibson* vs. *Seymour*, (3
Vt. Rep.) the deed to the plaintiff was from the defendant's
debtor, and without any consideration but a *parol* promise
from the plaintiff to re-deed on being paid or indemnified.
It was insisted that such deed was fraudulent and void as
against creditors; and such must inevitably have been the
· case, if such parol contract was *void;* for the deed would
have been wholly without consideration.   The court how-
ever refused so to decide, but merely held that so long as
the plaintiff was. willing to abide by the contract, the deed
was not *void* for want of consideration, but merely *prima
facie* fraudulent on account of not being a mortgage.   The
same principle was recognized by the court more fully, in
the case of *Williams* vs. *Parish & Orcutt*, in Orange coun-
ty, not yet reported.   It is therefore unnecessary to in●

<div style="margin-left:margin">CHITTENDEN,<br>January,<br>1834.<br><br>Shaw<br>vs.<br>Shaw.</div>

quire whether law or chancery would have treated it as void, had the defendant been called on, upon the contract, after part performance. It is sufficient to say, the plaintiff cannot repudiate the contract and recover back what she has paid thereon, the defendant having never refused to complete the same.

<div align="right">Judgment affirmed.</div>