———o———

## MATTHEW H. MAYNARD v. JACOB BROWN.

*Specific performance—Mutuality—Land-contract void if not signed by vendor.*

Specific performance may be refused for want of mutuality in a land contract where it is so drawn as to leave it optional with the grantor to retain or convey the property.

A written agreement for the conveyance of land is void under the statute of frauds if not signed by the party by whom the sale is to be made.

Appeal from Marquette. Submitted June 12. Decided July 1.

SPECIFIC PERFORMANCE. Defendant appeals.

*William H. Wells* for complainant.

*W. P. Healy* for defendant. A contract must be mutual to entitle a party to specific performance, *Bodine v. Glading*, 21 Penn. St., 53; *Parkhurst v. Van Cortlandt*, 1 Johns. Ch., 282; *Margraf v. Muir*, 57 N. Y., 155.

MARSTON, J. Maynard filed his bill of complaint to enforce payment of a mere money demand under a written agreement relating to lands, void under the statute of frauds because not signed by the party by whom the sale was to be made. Comp. L.; § 4694; *Abell v. Munson*, 18 Mich., 312; *Cook v. Bell*, id., 393.

There are many reasons against and none in favor of granting the relief sought. The contract was void, and a reference to the circumstances which gave rise to it shows it to be destitute of all equities. The contract even if valid was so drawn that it was optional with the complainant to retain the property or convey it. If within the period fixed—one year from the date thereof—the property had become much more valuable, it is quite evident defendant would not have been called upon to take it. The defendant had no voice in the matter except to pay the agreed price and take the property in case complainant considered it for his interests to so demand. There was not, therefore, that mutuality in this agreement which a court of equity considers so essential in a suit for specific performance. *McMurtrie v. Bennette*, Har. Ch., 124; *Hawley v. Sheldon*, Har. Ch., 420; *Chambers v. Livermore*, 15 Mich., 381.

The above is clearly sufficient to dispose of this case.

The decree below must be reversed and the bill dismissed with costs of both courts.

The other Justices concurred.