[No. 5237.]
[No. 2861 C. A.]

THE COLORADO LUMBER, LAND & IMPROVEMENT COMPANY v. DUSTIN ET AL.

**Statute of Frauds—When Statute May Be Invoked.**

Where a person performs services for another under an oral contract whereby he is to be paid in land, he cannot invoke the statute of frauds and bring an action upon an implied assumpsit for such services, unless defendant refuses to carry out the agreement on his part.—P. 400.

*Appeal from the County Court of El Paso County.*
*Hon. James A. Orr, Judge.*

Action by F. W. Dustin and W. A. Edmonston (substituted for Charles Clark), against The Colorado Lumber, Land & Improvement Company. From a judgment in favor of plaintiffs, defendant appeals.

*Reversed.*

Messrs. SHEAFOR & DOLMAN, for appellant.

No appearance for appellee.

This action was originally brought before a justice of the peace by Charles Clark to recover for certain work performed by him for appellant. From a judgment in defendant's favor for costs, an appeal was taken to the county court. In that court the appellees were substituted as plaintiffs. The cause was tried to a jury.

There was no dispute as to the performance of the work or its value, the only question in dispute being as to the contract under which the services were rendered. The defendant upon the trial offered to prove an oral agreement with Clark, whereby he was to receive land in part payment for his services. Upon objection of plaintiffs, the court refused to permit Mr. McFarlane, the manager of the company, to testify in regard to the terms of this agreement, whereupon the defendant made a formal offer to prove "an oral contract with the plaintiff whereby plaintiff was to perform certain services and the defendant was to give him land in payment for them, the choice of the land to be made by the plaintiff at his option; and that the defendant stands ready and willing to perform its part of the contract."

This offer was rejected, and thereupon the court instructed the jury to return a verdict in favor of plaintiffs for the sum of $87.25. A motion for a new

trial was overruled, and judgment rendered for that amount. To reverse this judgment, the company brings this case here on appeal.

Mr. Justice Goddard delivered the opinion of the court:

The question for our determination is whether the court erred in excluding testimony tending to prove the oral agreement relied on by defendant to defeat a recovery of the money judgment for services rendered in pursuance of such agreement; in other words, whether the plaintiffs were entitled to invoke the statute of frauds to avoid the obligations of the oral agreement under which the labor was performed, and recover therefor upon an implied assumpsit, notwithstanding the defendant is willing to carry out the agreement on its part.

We think it is clear that this may not be done. The party to be charged may avail himself, if he so elect, of the protection of the statute, if its requirements have not been complied with, as a defense to an action upon an executory oral contract, or he may waive the protection of the statute, in which event the contract would be perfectly good against him. But a third party cannot escape his obligations growing out of such a contract by denying the obligation of the contract on the party to be charged thereby.—Browne on the Statute of Frauds (5th ed), § 135.

It has been uniformly held that where a party has rendered services, or paid money, in consideration of an oral contract, for purchase of land, he cannot rescind such contract and recover for such services, or the money paid, unless the other party insists upon the statute, and refuses to perform it on his part. Among the numerous authorities to this effect, see the following: *Shaw v. Shaw*, 6 Vt. 69; *Philbrook v. Belknap*, 6 Vt. 383; *Abbott v. Draper;*

4 Denio 51; *Crabtree v. Welles,* 19 Ill. 55; *Cobb v. Hall,* 29 Vt. 510; *Day v. Wilson,* 83 Ind. 463; *Coughlin v. Knowles,* 7 Metc. 57; *Gammon v. Butler,* 48 Me. 344.

In *Shaw v. Shaw, supra,* it is said:

"The statute applies only to executory contracts, not to those in whole or in material part executed. Therefore, when one party has partly performed under such a contract, he cannot recover for what he has done, unless the other party insist upon the statute, and refuse to perform. This is too obviously just to require comment, and to disregard it would do violence to every leading principle. The contract cannot be considered void so long as he, for the protection of whose rights the statute is made, is willing to treat and consider the contract good."

Under this obviously just rule, the defendant should have been permitted to introduce the evidence offered and to show, if it could, that the plaintiffs were not entitled to recover a money judgment for the services rendered.

The error of the court in excluding the evidence offered by the defendant necessitates a reversal of the judgment.                              *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.