No. 10,403.

LaPlant *v.* Axelson.

Decided September 11, 1922.   Rehearing denied October 2, 1922.

Action for services rendered.   Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.  Appeal and Error—*Practice.*  Assignments of error not presented in compliance with the established practice of the supreme court will not be considered.

2.  *Bill of Exceptions.*  The only method, in the absence of an agreed record, for a defeated party to get before the appellate court the testimony, instructions, rulings thereon, objections and exceptions, is by bill of exceptions approved by the judge who presided at the trial.

3.  *Instructions—Review.*  In order that assignments of error based upon the instructions of the court may be considered, it must appear from the record that the instructions therein contained are all of the instructions, and objections and exceptions thereto must be taken and preserved as the practice requires.

*Error to the County Court of Phillips County, Hon. G. B. Weir, Judge.*

Mr. Avery T. Searle, for plaintiff in error.

Messrs. Carlson & Erickson, for defendant in error.

*Department Three.*

Mr. Justice Campbell delivered the opinion of the court.

The action, which originated in the court of a justice of the peace hence no pleadings, was to recover of the defendant for work and labor done by the plaintiff in the painting of defendant's buildings.   It seems that there was a judg-

ment there for the plaintiff. The defendant appealed from that judgment to the county court of Phillips county, and in the trial before the court, with a jury, there was a judgment, as stated by counsel in their briefs, for defendant on his counterclaim for $22.15, that being the amount which defendant says he had overpaid on the work. To review the alleged judgment of the county court, the plaintiff has sued out this writ of error.

What purports to be the record here is so imperfect and uncertain that, under our established practice, we can not consider the assigned errors. Nowhere, except in the statement of counsel in the briefs, does it appear that any judgment was rendered. The only thing in this record which would indicate that a judgment might have been rendered for the defendant is, that there is endorsed on the verdict as returned by the jury a statement that the verdict is approved by the court. It does not appear that any judgment thereon was actually rendered, or entered in the records, and we do not judicially know that a judgment was ever rendered.

The only errors which are assigned are directed to rulings of the court on the admission and rejection of testimony, and to a certain instruction of the court. There is no bill of exceptions. It does not appear that any request was made, or order entered, for the filing of a bill, or that any bill was ever tendered to, or approved by, the trial judge. On a separate sheet there is what purports to be a transcript of the testimony, sworn to by the court reporter, but there is no authentication thereof by the court or judge. On another sheet are copied ten instructions. Whether they were all the instructions that were given, we do not know. It is the established rule, in this jurisdiction, that the only way, in the absence of an agreed record, for a defeated party to get before this court the testimony and the instructions and the rulings thereon, and the objections and exceptions, is by bill of exceptions, approved by the judge who presided at the trial.

Even if, however, we were at liberty to assume that com-

pliance has been made with the established practice referred to, this judgment could not be reversed. We are not advised that the instructions copied and now before us were the only instructions which the court gave. There are no exceptions at all preserved, as our practice requires. Having neither the judgment of the court nor any record before us from which only the correctness of the proceedings of the court below can be determined, and even if they were before us, we can not say that any error was committed. The application for a *supersedeas* is, therefore, denied and the judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.