## No. 10,377.

### SCHMIDT, ET AL. *v.* WITHER, ET AL.

Decided December 3, 1923.   Petition for rehearing stricken January 7, 1924.

Action on promissory note.   Judgment for plaintiffs.

*Affirmed.*

1.   BILLS AND NOTES—*Maturity.* In an action on a promissory note, defendant claiming a mistake in the date of maturity as expressed therein, may obtain equitable relief by asking to have the contract reformed.

2.   APPEAL AND ERROR—*Contracts—Construction.* In an action on a promissory note, the contention of defendant that the suit was prematurely brought because the date of maturity as expressed in the instrument, was a year earlier than it should have been, held not to be sustained by the evidence.

*Error to the District Court of Routt County, Hon. Gilbert A. Walker, Judge.*

Messrs. CARLSON & ERICKSON, Mr. W. C. REILLY, Mr. JOSEPH K. BOZARD, Mr. W. R. RAMSEY, for plaintiffs in error.

Messrs. GOODING & MONSON, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE action is by the payees of promissory notes against the makers.   The complaint has two causes of action:   The first on a promissory note executed by the defendants and purporting to be then due, a copy of which is set forth; the second is to recover the interest due on certain other promissory notes of the defendants given to the plaintiffs, which notes were delivered in escrow, the escrow agreement pro-

viding that interest thereon, which is here sued for, should be paid during the escrow holding, although the principal was not at the time due, and the notes themselves had not been delivered to the payees. There was a jury trial. The verdict was for plaintiffs on both causes of action for the amount claimed, on which the court rendered a judgment, which defendants seek to have set aside on this review. The bill of exceptions was stricken. The cause, therefore, must be determined on the record proper. A number of questions argued by plaintiffs in error, such as the sufficiency of the evidence, rulings on testimony, motions for new trial, and directed verdict, and other matters that may be determined only from the contents of the bill, have been eliminated. In the state of the record the only question for decision is whether the note sued on in the first cause of action was due at the time the complaint was filed.

The plaintiffs sold to the defendants certain lands for about $55,000. Five thousand dollars of the purchase price were paid on the day of the sale. The balance was to be paid in designated sums annually, and was represented by a series of notes, the first two of which, on the day of the sale, were delivered to the plaintiffs payees, and they were secured by a chattel mortgage. The other notes were delivered in escrow to a bank to be delivered to the payees upon the conditions named in the escrow agreement. Accompanying the notes and the escrow agreement was a written contract of sale, all bearing date August 28, 1919, the three instruments constituting the written evidence of the agreement of purchase and sale. The first cause of action is upon the first of the series of notes, and the note, on its face, purports to be due and payable on or before January 2, 1921, after date. The written contract of the parties, which was pleaded by the defendants as a separate affirmative defense, contains a recital that the first of the series of notes matures on or before January 2, 1922. This action was begun February 23, 1921, after the note became due, if the maturity date as stated in the note is correct, but before maturity, if the recital in the written contract

of sale is to govern. The defendants pleaded this written contract and the escrow agreement as a whole, in bar of the suit, on the ground that it was prematurely brought. The third paragraph of the contract does recite the maturity of the first of the series of notes as January 2, 1922. The sixth paragraph of the same contract states that the first two notes were delivered to the payees, and the others of the series were delivered to the bank in escrow, and that the notes were to be payable annually. The escrow agreement, as well as the contract of sale, each of which is a part of the entire agreement of the parties, states that the deferred payments are annual and are represented by promissory notes, and that the first of the notes delivered in escrow, which was the third of the series, matures in 1923. If the payments, as alleged, are annual, and the third of the series matures in 1923, the second matures in 1922 and the first in 1921, as alleged in the complaint.

It is well again to observe that the note itself shows maturity in January, 1921. Defendants seek to defeat a recovery by showing that the correct date is 1922; that is, they seek to defend, in an action at law, by showing a mistake in the maturity date of the note sued on. In 9 Cyc. 406, it is stated that a defendant thus complaining, may repudiate the contract and avoid the same, or he may obtain relief in equity in a proper case by a suit to reform the contract, and, as reformed, to enforce it in the same action. The latter proceeding is proper in this state where equitable defenses may be interposed to legal causes of action. Defendants, however, do not thus proceed. On the contrary, they rely upon an alleged mistake in the due date of the note to defeat the action. Their proof, the written contract of sale, signally fails to show such a mistake. It does, however, conclusively show that the only mistake that was made in the writings, a mutual mistake, was the descriptive recital in the contract of sale, that maturity of the first of the series of notes was 1922. It should have been 1921. Such questions as to what the doctrine is concerning the reforming of contracts, and enforcing the same

as reformed, and that parol testimony is incompetent to change or vary the terms of a written instrument, are immaterial under the facts of this case. The court might well have directed a verdict for the plaintiffs upon the uncontradicted evidence, instead of submitting, as it did, supposed questions of controverted fact to a jury, which found for the plaintiffs.

The verdict is right and it should be affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.