## No. 10,707.

### BOGGS *v.* LUMBAR.

Decided April 7, 1924.

Action by broker for commission on sale of real estate. Judgment for defendant.

*Affirmed.*

1. APPEAL AND ERROR—*Motion to Strike—Waiver.* A plaintiff who pleads to a defense after his motion to strike it has been overruled, waives the error, if any, in the ruling on the motion.

2. PLEADING—*Demurrer.* Where a defense contains a denial of material facts, a demurrer thereto on the ground of want of facts, held properly overruled.

3. *Demurrer—Waiver.* Error, if any, in the overruling of a demurrer to a defense on the ground of uncertainty, is waived by pleading over.

4. APPEAL AND ERROR—*Instructions.* Instructions are a part of the record proper and need not be incorporated in the bill of exceptions, for review.

5. *Requested Instructions.* Where the evidence is not before the reviewing court, it will not hold that requested instructions were not rightly refused.

6. PRACTICE AND PROCEDURE—*Objections to Instructions.* A party must object definitely to instructions upon which it is desired to assign error, and the action of the trial court upon each instruction must be shown in the record.

7. APPEAL AND ERROR—*Instructions.* Where the evidence is not before the reviewing court, instructions which are pertinent and proper under the pleadings will be assumed to be pertinent to the evidence.

8. BROKERS—*Real Estate—Commission.* A real estate broker who knows that his employer has no power to convey except upon a certain condition, cannot recover a commission for procuring a purchaser, if the condition fails.

*Error to the District Court of Otero County, Hon. Samuel D. Trimble, Judge.*

Mr. JOHN H. VOORHEES, Mr. H. M. MINOR, for plaintiff in error.

Messrs. SABIN, HASKINS & SABIN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BOGGS was defeated on trial by jury in an action by him against Nora E. Lumbar for commission for sale of real estate, and he has sued out a writ of error. The bill of exceptions was stricken out and so our considerations are confined to the record proper. The only errors assigned on that record as to pleadings are that the court erred, First, in overruling plaintiff's motion to strike the second and further defense, and Second, in overruling his demurrer to that defense.

As to the first point. The error cannot be considered here because by pleading over the plaintiff waived it. *Sweet v. Barnard,* 66 Colo. 526, 528, 182 Pac. 22.

As to the second point: The second defense contained a denial of material facts, the demurrer was upon two grounds, want of facts and uncertainty; the first ground was insufficient because of the denial (*Malley Co. v. Londoner,* 41 Colo. 436, 439, 93 Pac. 488; *Johnson v. Watkins Medical Co.,* 66 Colo. 458, 182 Pac. 879), and the second was waived by pleading over.

There were, however, objections and exceptions to giv-

ing and refusing instructions. By Code 1921, §§ 205 and 422, the instructions are part of the record proper. The statement in the opinion in *LaPlant v. Axelson,* 72 Colo. 95, 96, 209 Pac. 637, that instructions must be included in the bill of exceptions was not essential to the decision of that case, which was clearly right on the question of evidence alone, since there was, in that case, no bill of exceptions, and in any event the statute controls. *Imperial Securities Co. v. Morris,* 57 Colo. 194, 141 Pac. 1160; *Sargent v. Chapman,* 12 Colo. App. 529, 539, 56 Pac. 194; *Denniss v. People,* 55 Colo. 120, 133 Pac. 741. The instructions in this case appear in the record proper, where they belong; we must therefore consider the objections to them, but, since the evidence is not before us, there is nothing to tell us whether the instructions refused were pertinent thereto or not; we therefore cannot say that they were not rightly refused. In this connection we must not be understood to say that either of the said sections would justify failure below to object definitely to the instructions upon which it is desired to assign error above, and it should be noted that the action of the judge upon each instruction must be shown in the record as it was formerly required to be shown in the bill of exceptions. *Sargent v. Chapman, supra.*

Concerning the instructions given: They were pertinent to the pleadings, and we must assume that they were pertinent to the evidence; unless, therefore, they state matters of law that could not in any event be right under the pleadings, we cannot say they were erroneous.

The complaint sets forth a written contract between the parties whereby defendant employs plaintiff as her exclusive agent to sell certain property and promises to pay certain commissions therefor, and states that he procured one Dearchs ready, able and willing to purchase at the price, etc. The answer, with much evidential matter, alleges that defendant did not own the whole of the property but one-half of it belonged to her two sons, one of whom was a minor, which plaintiff knew; that the county

court refused to authorize the sale by law of the minor's share at the price named in her contract with plaintiff and Dearchs refused to buy at the price permitted by the county court.

The trial court instructed the jury that if they found that plaintiff knew when he procured the agency contract that defendant's ability to convey would depend upon the consent and approval of the county court, they should find for defendant.

The answer further stated that before delivery of the contract of agency she entered into a contract with Dearchs whereby she agreed to convey to him, but only if the county court approved, which plaintiff knew when the agency contract was delivered, and the court instructed that if the jury believed that the agency contract was not delivered till after the contract with Dearchs had been entered into and that plaintiff knew of the terms of the Dearchs contract, that then the agency contract was dependent on the sale contract and plaintiff's right of recovery was dependent on the ability of plaintiff to complete the sale to Dearchs, and if they found that she was unable the verdict must be for her.

The court further told the jury that if the plaintiff knew of the defect in the defendant's title when he made his contract with her or knew enough to put a prudent person on inquiry he would not be entitled to recover if the sale failed because of such defect or other circumstances which made it impossible for her to convey.

These instructions all amount to the same thing and therefore the question before us is whether a real estate broker, who knows that his employer has no power to convey except upon a certain condition, can recover a commission for procuring a purchaser if that condition fails. It appears by almost unanimous authority that if the sale fails because of a defect of title of which the broker knew when he was employed he cannot have a commission, because he has not procured a purchaser ready, willing and able to buy what his employer has to

sell. *Brownell v. Hanson,* 109 Wash. 447, 186 Pac. 873. In *Hoyt v. Shipherd,* 70 Ill. 309, the reason given was that there was no fault in the owner. See also 4 R. C. L. 312, § 51; 9 C. J. 629, note 95; *Tombs v. Alexander,* 101 Mass. 255, 3 Am. Rep. 349; 43 L. R. A. 613, 614; *Hinds v. Henry,* 36 N. J. Law, 328, 334; *Cain v. Masurette,* 196 Mich. 7, 162 N. W. 287. There are many other cases.

We see no difference in principle between these cases and the present one. Indeed some of them are practically the same.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.