## No. 13,217.

MASON ET AL. *v.* LE CLAIR MINES COMPANY ET AL.

(19 P. [2d] 209)

Decided February 6, 1933.

Mr. DARWIN T. MASON, for plaintiffs in error.

Mr. HILDRETH FROST, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position here as in the trial court and for convenience we refer to them as plaintiffs and defendants respectively. Darwin T.

Mason, attorney for plaintiffs, is the party of that name, and is referred to as Mason.

. This cause is now before us on Mason's request, in a letter to the clerk of this court, that the writ of error be enforced as a mandate, and defendants' motion to dismiss the writ for plaintiffs' failure to tender bill of exceptions within the time limited.

The motion to dismiss must be granted. Ordinarily this would be done without written opinion, but for reasons hereinafter appearing we deem it advisable to note the state of the record which makes such action mandatory. The following facts appear from the files or are alleged and undisputed:

The cause was tried and judgment entered against plaintiffs June 30, 1932, and they were given sixty days to prepare and tender bill of exceptions. July 26, Mason requested the bill, but was unable to pay for it and the court reporter refused to prepare it. Four days later Mason requested the record from the clerk of the district court and failed to get it for the same reason. August 30, plaintiffs' time to tender the bill expired. October 4, Mason again ordered the bill and asserted his ability to pay, and October 20 he paid therefor in full. November 25, on Mason's request, and on his "verified statement," which he assumed to file under our rule 22, the writ was issued. In response thereto the clerk of the district court, December 15, filed with the clerk of this court a purported record proper.

The rules of the trial court provide that when the reporter has completed a bill of exceptions he shall have it marked "tendered" by the judge and transmit it to the attorney by whom it was ordered. The latter, having examined the bill and found it correct, shall lodge it with the clerk, who shall notify counsel for defendant in error thereof. The latter may withdraw the bill for fifteen days for examination and shall then transmit it to the judge with his objections, if any. If none, the judge shall allow, sign and seal the bill.

December 20, Mason, having received no bill, wrote the reporter, and two days later the latter answered that he had transmitted what Mason describes as a "transcript of the testimony only." The transcript is not before us, but whatever it was it is apparent that it was something less than a bill of exceptions. In his letter to Mason the reporter says:

"The matter has dragged first because we have had a big docket in the district, and second you raised objections which I have never seen before in nearly 40 years of work around the courts.

"Your time for a Bill of Exceptions expired on August 30th, and the order was given me October 4th. A Bill of Exceptions made up after the time has expired, becomes under the Code a mere record or transcript; but it will be as full and complete as a bill of exceptions can be. I could not tender such a record to any District Judge in the United States; nor would any District Judge settle such a record."

January 7, 1933, Mason wrote the trial judge, complaining of the reporter's failure, and January 11 the judge answered:

"No bill of exceptions in Case No. 4447 has ever been presented to me.

"I am advised by Mr. White [the court reporter] that when you asked for a transcript of the testimony the time for a bill of exceptions had expired, and therefore, no bill of exceptions could properly issue. I take it that is the reason you have never received one."

January 14, Mason wrote the clerk of this court, demanding the enforcement of the writ, accompanying that letter with his affidavit and the communications of the reporter and judge above quoted. January 18, Mason filed his "transcript of testimony" with the clerk of the district court, together with his objections thereto, charging numerous inaccuracies. January 23, defendants moved here to dismiss the writ. The parties thereafter

filed their briefs on said demand and motion and the cause is now at issue thereon.

 The trial judge and his reporter are not before us and we do not intend either to prejudge or prejudice them. But assuming, for the purpose of determining the questions presented, the correctness of the foregoing, it will readily be observed that Mason was entitled to his bill, regardless of time. It was not for the reporter to question his objections or usurp the functions of opposing counsel and raise the question of time. He had been paid for the bill and was bound to furnish it. Nor did it lie with him to refuse to tender it to the judge. That duty was imposed by a rule of the court in which he held his appointment. It was not for him to say what the judge would do when it came to settling the bill nor had he any concern therewith. When Mason called the matter to the attention of the judge he was entitled to the latter's direction to the reporter to prepare and tender the bill. It might not be settled and signed if the question of time was raised against it, but that question was for defendants' counsel. If Mason cared to take that chance, such was his right. Moreover, he might have presented reasons for his dereliction unsatisfactory to the trial judge but satisfactory to this court. He was entitled to his record and review.

 However, neither clerk nor reporter was obliged to serve plaintiff gratis, and Mason has now brought to our attention his own failure. He did not request the bill until after the time limited for its tender. His demand for an enforcement of the writ has brought forth here defendants' motion to dismiss, based on his failure. He has here submitted at length his reasons for that failure and we find them insufficient. Our rule 22 permitted the docketing of the case here on a "verified statement" only on prejudice to Mason by reason of the trial court's failure to protect his rights by a further stay of execution under rule 9. The record contains no such showing, nor does it disclose any timely application

to the trial court for an extension of time for the bill. Plaintiffs' assignments of error are such as rest entirely on the bill of exceptions. Having no bill, and being unable to furnish one, they can secure no review. *LaPlant v. Axelson,* 72 Colo. 95, 209 Pac. 637; *Shull v. Shull,* 58 Colo. 348, 144 Pac. 1197; *Schmidt v. Wither,* 74 Colo. 328, 221 Pac. 885.

We feel called upon to add that since the first document herein was filed, or lodged, in this court, counsel in this case have cluttered the record with countless immaterial motions, briefs, copies, letters and affidavits; some of them containing scandalous and defamatory matter, reflecting no credit upon themselves or their clients. All such as have been merely lodged, or are not material portions of the record, have been segregated and sealed and counsel will not hereafter offend in like manner.

The writ is dismissed.