No. 14,635.

Garbarino, Individually, and as Cahn-Forster Electric Company v. Union Savings and Loan Association.

(109 P. [2d] 638)

Decided January 20, 1941.

Mr. John L. Shireman, Norma L. Comstock, Norman H. Comstock, for plaintiff in error.

Mr. Charles R. Enos, Mr. Henry S. Sherman, Mr. Joseph L. Morrato, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Herein reference will be made to the parties as they appeared in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff. The complaint alleged that on or about August 12, 1938, defendant, under the trade name of Cahn-Forster Electric Company, made and delivered to the plaintiff for a good and valuable consideration a check for the sum of $1,000 payable to the order of plaintiff; that thereafter, on August 14th, defendant stopped payment on the check and the bank upon which it was drawn has since refused to pay the same; that plaintiff demanded of defendant payment of the said sum of $1,000, which defendant refused. The answer set up four defenses. In the first defense defendant, substantially admitting other allegations of the complaint, denied that the check was made, executed and delivered for a good and valuable consideration, or for any consideration whatever. The second defense alleged that defendant made and executed the $1,000 check as an earnest payment on the purchase price of $27,500, which he had offered for an apartment house belonging to plaintiff, upon an oral agreement, under which plaintiff should have until the evening of Saturday, August 13, 1938, to accept or reject such offer, and that plaintiff had failed to accept the offer within such time, as a result of which there was no consideration for the check. The statute of frauds was interposed as a third defense. As a fourth defense defendant alleged that his offer to purchase was withdrawn by him

before acceptance by plaintiff. The replication controverts the affirmative defenses. On a trial of the issues thus presented—the evidence as to the first, second and third defenses being conflicting—the case was submitted to a jury which returned a verdict in favor of plaintiff. To review the judgment entered thereon defendant prosecutes this proceeding in error.

Defendant, who appears here by counsel other than those who tried the case below, seeks reversal upon four grounds.

■ First, it is said the court erred in giving conflicting instructions on the law relating to offer and acceptance. Consideration of this contention is precluded by the circumstance that on the trial defendant made no objections whatsoever to the giving of any of the instructions concerning this branch of the case. Our rule 7 requires the making of specific objections to instructions given if error assigned thereon is to be considered on review, and in our decisions we have consistently adhered to this rule. *Schreiber v. Burton,* 81 Colo. 270, 256 Pac. 1; *Boggs v. Lumbar,* 75 Colo. 212, 225 Pac. 266; *Bijou Irrigation District v. Cateran Land & Livestock Co.,* 73 Colo. 93, 213 Pac. 999.

■ It is urged secondly, that in effect the judgment improperly required defendant to forfeit the amount of the check involved when no forfeiture was provided by the contract. In deliberating on the merit of this point it must be borne in mind that all four of the defenses pleaded are grounded upon the theory that no valid contract ever was consummated between the parties. Obviously to contend as defendant now does, that recovery could not be had because the check was delivered under a *contract* which did not provide for a forfeiture, assumes the existence of a contract which the pleadings as formulated deny. Of necessity such matter only could be affirmatively pleaded by way of confession and avoidance, which was not done here. Counsel for defendant concede that ordinarily such would be the requirement,

but assert that the extraordinary circumstance is furnished by the following incident, which occurred during the direct examination of defendant: "Q. Was anything said in any of your conversations relative to this thousand-dollar check being forfeited in case the deal did not go through?  A. No; Mr. Cooper—

"Mr. Enos: I object, your Honor, as incompetent and irrelevant, and contrary to the testimony of this defendant, as to the check given, on which he wrote that it was a deposit on the purchase price of $27,500.  The check speaks for itself; he can not impeach his own testimony.

"The Court: This inquiry is about what he said to Cooper.

"Mr. Reid: This is as to any conversation between him and Cooper relative to that matter.

"Mr. Enos: I will withdraw the objection.

"Mr. Read: Read the question.  (Last question read.)

"Q. In your conversation with Mr. Cooper:  A. No, there was not. He asked me to make this check so as he could have it and he could hold it—

"The Court: You have already testified to that.

"The Witness: Yes."

Citing *National Mutual Fire Ins. Co. v. Sprague,* 40 Colo. 344, 92 Pac. 227, defendant argues that by withdrawing its objection the plaintiff waived the failure of the defendant to plead this affirmative defense and that as the result thereof the court should have instructed the jury on the law relating to the recovery of forfeitures. The court refused to give defendant's tendered instruction on this subject for the reason that "under the issues in this case the question of forfeiture is not involved." We are of the opinion that the trial court was right in so proceeding and that no semblance of a waiver occurred through the incident above detailed. Such evidence was clearly admissible to contradict the statements of Cooper, an agent for plaintiff, who had previously testified concerning his conversations with

the defendant, and it would seem clear that the objection was withdrawn on this premise. In *National Mutual Fire Ins. Co. v. Sprague, supra,* as stated in the opinion, the "issues were mutually disregarded" by both parties and extensive evidence was introduced by each, without objection, on the issue which the defendant, who was the appellant, should have presented by appropriate allegations in his answer. We there determined that defendant thus had waived the necessity of any particular pleadings and that the trial court might properly instruct in relation to the field of inquiry covered by the evidence. The opinion recognizes the general proposition that instructions should be based on the issues made by the pleadings and evidence introduced thereunder. It expressly limits the holding to the peculiar circumstances of that case which are not paralleled or even approached by those in the case before us.

■ Thirdly, defendant claims that recovery should be denied because the obligation of defendant to pay the cash purchase price became dependent upon, and concurrent with, the convenant to convey "free and clear," which defendant asserts plaintiff could not perform. It may be questioned whether any assignment of error furnishes a basis for this argument. On the trial defendant advanced no such theory in his motion for nonsuit; he tendered no instruction on the subject; nor did the answer allege that the property could not be conveyed "free and clear." The defendant contends that the latter deficiency was cured and the issue raised by plaintiff's allegations in the replication to the effect that at all times it had been ready, willing and able to convey the apartment building to defendant upon the terms of the defendant's offer. Without reference to the soundness of the position of defendant on this question of pleading, and disregarding the state of the record first mentioned, we are of the opinion that in any event, under the evidence adduced, the contention is without merit. It is undisputed that when the alleged contract was made

and at the time of the trial the property was subject to two blanket deeds of trust to the Reconstruction Finance Corporation. Plaintiff introduced testimony to the effect that these incumbrances could and would be released if and when the sale was completed. This testimony was not contradicted. Upon the defendant's refusal to proceed further with the transaction, which, as shown by his pleadings and testimony was in no manner induced by the condition of the title to the property, the plaintiff was under no obligation to go through the useless and idle performance of securing releases of the trust deeds, and the uncontradicted proof that such could have been done if the offered purchase price had been paid, was sufficient to sustain the allegations of plaintiff's replication.

Lastly, we pass to a consideration of the question arising under defendant's plea of the statute of frauds. The evidence discloses that on the check involved the defendant wrote the following words: "Deposit on Detroit Apts Price $27,500, free & clear.", however no note or memorandum was ever signed by plaintiff. The court instructed the jury on the issue as follows: "The statutes of the state of Colorado provide: 'Every contract for the leasing for a longer period than one year or for the sale of any lands or interests in lands shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made.' But you are further instructed that said statute is for the protection of the vendor and not the vendee, and that the vendee cannot take advantage of it. You are further instructed that if you further find from a preponderance of the evidence that the plaintiff accepted the offer of the defendant to purchase said Detroit Apartments, and if you further find plaintiff has at all times since the acceptance of said offer of the defendant been ready, willing and able to perform said agreement for the sale of said

Detroit Apartments to the plaintiff in accordance with the terms of said offer of the defendant; that then you shall find for the plaintiff." The italicized portion of the instruction is in the precise words of our statute of frauds relating to sale of lands. ('35 C.S.A., c. 71, §8.)

The defendant contends that the oral contract alleged was absolutely void under section 8, supra, and that his promise to pay on the purchase price as evidenced by the check sued upon, was without consideration; hence, the instruction was erroneous. Unquestionably where the contract is deemed void for noncompliance with the statute it creates no obligation as between the parties to it and cannot be enforced by either, directly, indirectly or collaterally. 27 C.J., p. 314; 25 R.C.L., p. 727, §373. Likewise, where the statute declares an oral promise to sell land void, not merely unenforceable, such is insufficient consideration for a return promise to purchase, and the whole agreement is inoperative. Restatement of the Law—Contracts, §80, Illustration 3. Thus the validity of defendant's objection turns squarely upon the question of whether the contract before us was void under our statute. We are satisfied that the proposition has been resolved adversely to defendant's contention by the case of *Colorado Co. v. Dustin,* 38 Colo. 398, 87 Pac. 1142. Concerning the effect of the statute of frauds on executory oral contracts, we said, quoting from the opinion in *Shaw v. Shaw,* 6 Vt. 69: "The contract cannot be considered void so long as he, for the protection of whose rights the statute is made, is willing to treat and consider the contract good." Our statute requires that the writing be signed *by* the party by whom the sale is to be made. We further stated in the Dustin case: "It has been uniformly held that where a party has * * * paid money, in consideration of an oral contract, for purchase of land, he cannot rescind such contract and recover * * * the money paid, unless the other party insists upon the statute, and refuses to perform it on his part." Obviously here the defendant is in the

same position, legally, as if he was seeking to recover $1,000 paid on the purchase price, instead of resisting payment of the check given for such purpose. His counsel question the applicability of *Colorado Co. v. Dustin, supra,* to the situation before us and with considerable logic, based on differences in the language of our statute and those in the jurisdictions where such contracts are held only voidable, and a respectable array of authorities, inferentially challenge the pronouncements made in the Colorado case. *Dunphy v. Ryan,* 116 U.S. 491, 6 Sup. Ct. 486, 29 L. Ed. 703; *Maynard v. Brown,* 41 Mich. 298, 2 N.W. 30; *West End Ave. Corp. v. Warner,* 250 N.Y. 221, 165 N.E. 271. However, we have no doubt concerning the pertinency of *Colorado Co. v. Dustin, supra,* to the case at bar, and are not disposed to reverse a rule of statutory construction which has prevailed in this jurisdiction for more than thirty years, and which unquestionably is in accord with the majority rule. See, 25 R.C.L., p. 726, §372, wherein the Colorado case is cited as supporting the following statement: "And in the English cases and in the great majority of the cases in this country the broad rule is adopted that money paid on an oral purchase of land can in no case be recovered by the vendee if the vendor is ready and willing to convey." In 27 C.J., p. 306, §391, the Colorado case is listed as supporting the rule that, The purpose of the statute, so far as it relates to the sale of land, is to protect the vendor only, and the vendee, seeking to recover purchase money, cannot set up the statute against a vendor who is ready and willing to perform. See, also, 27 C.J., p. 309, §398. Where the contract is merely voidable and the promisor is ready and willing to perform on his part, he may maintain an action upon notes or checks received by him in payment of the consideration for his oral promise. 27 C.J., p. 317, §401. Under such circumstances in some jurisdictions it is considered that the action is brought on the note, and not on the contract of sale, and thus it is not a valid defense to show

that there is no memorandum of the sale where the contract is unenforceable and not void. 25 R.C.L., p. 694, §335. In jurisdictions where the oral contract is not void, a promise within the statute will serve as consideration for an enforceable promise by another. 2 Williston on Contracts (Rev. ed.) p. 1528, §529; Restatement of the Law—Contracts, §84, Illustration (e) par. 7. Thus the instruction given on this subject was not erroneous.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK not participating.

MR. JUSTICE OTTO BOCK dissents.