**Christopher H. KAISER, Plaintiff-Appellant,**

v.

**David L. WRIGHT and Donald M. Chaplin, Defendants-Appellees.**

**No. 78–645.**

Colorado Court of Appeals, Div. III.

Aug. 30, 1979.

Rehearing Denied Sept. 20, 1979.

Certiorari Granted Dec. 3, 1979.

Weinshienk, Miller, Borus & Permut, Barry Permut, H. Michael Miller, Denver, for plaintiff-appellant.

Oates, Austin, McGrath & Jordan, Ronald D. Austin, Aspen, for defendants-appellees.

BERMAN, Judge.

Plaintiff appeals from a judgment, entered after trial to the court, which declared a forfeiture of his earnest money under a real estate contract. We affirm.

The parties contracted for plaintiff to purchase a house from defendant Wright. Plaintiff paid $20,000 earnest money to defendant Chaplin, the selling broker. The contract provided that, at the time of closing, payment of $45,000 in cash together with two promissory notes totalling $110,-000, would constitute the remainder of the $175,000 purchase price. Two encumbrances on the property were to be paid by the seller.

The contract also provided that: (1) time was of the essence; (2) if the purchaser failed to perform, then the payments made would be retained by the seller as liquidated damages; (3) title "shall be merchantable in the seller"; (4) "the seller ... will convey the described property free and clear at the time of closing"; and (5) "[a]ny encumbrance required to be paid may be paid from the proceeds of this transaction."

At the closing, plaintiff tendered the purchase price provided that the seller produce some form of written documentation that the encumbrances would be released. The seller was unable to produce any such written evidence, but his attorney orally represented that the releases would be available upon payment of the purchase price. Because of the lack of written documentation, plaintiff declared that the seller had breached the contract, and demanded return of the earnest money. This litigation followed.

The trial court found that the necessary releases could have been obtained "upon payment of the net proceeds...." This finding was based on letters written by representatives of the holders of the encumbrances. Although the letters were not written until after the aborted closing, the trial court relied on testimony that the contents of the letters were communicated to the seller and the closing agent on the date of the closing.

Based on its finding that the releases could be obtained from the proceeds of the transaction, the trial court concluded that the seller had substantially performed his obligations under the contract. Thus, the earnest money was awarded to the seller.[1]

Although we are not bound by the trial court's interpretation of written documents, *Sentinel Acceptance Corp. v. Colgate*, 162 Colo. 64, 424 P.2d 380 (1967), in this case we agree with its interpretation of the contract. We must give effect to the express contractual provision allowing the payment of encumbrances from the proceeds of the transaction. *See Martinez v. Villa Construction Corp.*, 38 Colo.App. 302, 563 P.2d 954 (1976), *aff'd sub nom. Martinez v. Hawkeye-Security Insurance Co.*, 195 Colo. 184, 576 P.2d 1017 (1978). Thus, so long as there is evidence to support the trial court's finding that the releases could be obtained upon payment of the net proceeds, we are precluded from holding that the seller breached the contract. *See Lone Star Development Corp. v. Miller*, 564 F.2d 921 (10th Cir. 1977), *quoting Garbarino v. Union Savings & Loan Ass'n*, 107 Colo. 140, 109 P.2d 638 (1941); *Annot.*, 53 A.L.R.3d 678 (1973).

Viewing the evidence in the light most favorable to the trial court's finding, and allowing for all reasonable inferences therefrom, *see Peterson v. Ground Water Commission*, 195 Colo. 508, 579 P.2d 629 (1978), we conclude that sufficient evidence exists in the record to support the trial court's determination that the releases could be obtained upon payment of the net proceeds. There was uncontradicted testimony that, at the closing, the seller's attorney stated that he had been assured by representatives of the lienholders that the releases would be forwarded upon disbursement of the proceeds of the transaction. There was also uncontradicted testimony that, after a recess in the closing, the agent of the title insurance company told plaintiff's attorney that, during the recess, she had been advised by representatives of the lienholders that "the releases were available and would be sent to her as soon as the monies were disbursed from the closing." This evidence is sufficient to support the trial court's finding, *Peterson v. Ground Water Commission, supra*, and therefore, plaintiff's contention that the proceeds of the transaction would not have been sufficient to obtain the releases, which is contrary to the trial court's finding, must be rejected.

Because the trial court properly held that the seller substantially performed, and that therefore he was entitled to the earnest money, we need not address plaintiff's con-

---

1. Neither at trial nor in this appeal has plaintiff raised any issue concerning the propriety of the amount of liquidated damages.

tention that the trial court erred in its alternative holding that plaintiff was estopped from demanding the presence of written releases at the closing.

We have considered plaintiff's other contentions of error and find them to be without merit.

Judgment affirmed.

ENOCH, C. J., and KELLY, J., concur.