ALBERS *et al.*, *Plaintiffs in Error*, v. THE COMMERCIAL BANK.

1. **Bank:** CHECK. A drawer of a check on a bank can countermand its payment before the same is made, he being liable for the consequences of his act in doing so.

2. ———: ———. Such drawer cannot recall the check after it has been paid to a holder in good faith and for value, nor can the bank do so for him.

· 3. **Check:** NOTICE NOT TO PAY: BURDEN OF PROOF. When timely notice not to pay a check is given by the drawer to the bank, the burden of proof that payment had already been made is on the bank.

4. **Check:** PAYMENT OF. Where a bank receives a check, pays the money or its equivalent to the holder, cancels and charges up the check to the maker, such acts must be regarded as a payment of

the check, and such payment cannot be rescinded without the consent of the person to whom payment of the check was made.

5. **Bank : CHECK.** The liability of a bank to pay a check does not become fixed upon its mere presentment.

6. ———— : ————. In an action against a bank by the drawer of a check for the conversion of the sum for which it was drawn, the bank can show its proper payment to the holder without specially pleading such payment. The check being rightfully paid there could be no conversion.

## *Error to St. Louis Court of Appeals.*

AFFIRMED.

### *W. C. Marshall* for plaintiffs in error.

(1) The court erred in excluding the record of the suit of Bartholow, Lewis & Company, against the plaintiffs on the check in controversy. (2) The third instruction given for defendant was erroneous. *Dickinson v. Coates,* 79 Mo. 256. It proceeded upon the mistaken idea that a check drawn upon a bank in which the drawer has funds sufficient to meet the check, operates as an absolute appropriation of that much money in the hands of the banker to the use of the payee. *Merchants' Nat. Bk. v. Coates,* 79 Mo. 168. (3) The refusal of plaintiffs' instruction touching the rescission of payment by mutual agreement of the holder of the check, the drawers and the drawee, was erroneous. (4) The instruction given by the court of its own motion was erroneous. *Chase v. Alexander,* 6 Mo. App. 510; Story on Bills (4 Ed.) sec. 60; *Barber v. Dispatch,* 3 Mo. App. 377; *Meyer v. R. R.,* 45 Mo. 137. The court should not select particular facts and say they constitute payment. *Harner v. Hower,* 49 Pa. St. 477; *Steamboat v. Hammond,* 9 Mo. 58. The instructions given by the court were erroneous, because there was no plea of payment in the answer, and, hence, no issue of payment in the case. *Bank v. Armstrong,* 62 Mo. 70; *Hasset v. Rust,* 64 Mo. 325; *Crews v. Lackland,* 67 Mo. 619.

*Noble & Orrick* for defendant in error.

(1) The record of the suit brought by Bartholow, Lewis & Company against the present plaintiffs was properly excluded in the circuit court. (2) The third instruction given at the request of defendant is not erroneous. *Merchants' Nat. Bk. v. Coates*, 79 Mo. 168, is inapplicable to the facts of this case. (3) The court properly excluded the evidence offered by plaintiffs, showing that at the time plaintiffs gave Caruthers & Company the check the latter owed them $3,000.

BLACK, J.—The plaintiffs, partners under the firm name of Albers, McGinitie & Horner, sued defendant for $3,000, which they alleged defendant received as deposit and refused to pay when requested. Albers, McGinitie & Horner, on the twenty-second of September, 1876, made their check on the defendant bank for $2,602.09, payable to Caruthers & Company, who, on the same day deposited it with Bartholow, Lewis & Company, and thereby made their account with that bank good. On the next day this check was cleared on defendant, in the usual course of business. Plaintiffs and Caruthers & Company had dealings together, and this check was given partly for merchandise and partly for a check of the latter parties to the former. The merchandise amounted to some $1,600. The excess was an "exchange" check for the accommodation of Caruthers & Company, who failed in business on the twenty-third of September, 1876.

The check of the plaintiffs, held by Bartholow, Lewis & Company, came to the defendant through the clearing house in the forenoon of the twenty-third of September, was then checked from the clearing house file and charged to the account of Albers, McGinitie & Horner. After this and between one and two o'clock in the afternoon of that day, a member of that firm notified Mr. Nichols, cashier of defendant, not to pay the check.

The cashier then caused to be written upon the check, which had been cancelled, by placing upon a cancelling file, "cancelled by mistake." The charge upon the books was erased and the check handed to Bartholow, Lewis & Company's manager, who gave in exchange some checks and some money. Bartholow, Lewis & Company at once notified defendant that they would not receive the check. They afterwards filed a complaint with the clearing house committee. This arbitration committee determined that defendant should pay the check, which it did do, in December, 1876, and charged the amount again to the plaintiffs' account. Plaintiffs had no notice of this proceeding before the committee.

1. A customer of a bank has the right to countermand the payment of a check before it is paid, and take upon himself the consequences of such act. Morse on Banks and Banking (2 Ed.) 302. But he has no right to recall the check after it has been paid to one who took it in good faith and for value ; nor can his banker do so for him. When timely notice not to pay is given, the burden of proof is with the bank to show that payment had been made. If the bank receives the check, pays the money or its equivalent to the holder, cancels and charges up the check to the maker, such acts must be regarded as payment, and this payment cannot be rescinded without the consent of the person to whom payment of the check was made. All these propositions were clearly enough presented by the instructions given.

2. The third instruction in substance states that if this check was given to Caruthers & Company, to use for the purpose of getting credit, and they did so use it, and the plaintiffs had funds with the defendant sufficient to pay it, the liability of defendant to pay became fixed on the presentation of the check, and it was not in the power of the plaintiffs or of defendant to refuse payment without the consent of the holders, Bartholow, Lewis & Company. This is not a correct statement of the law. The liability of the bank to pay the check did not be-

come fixed upon mere presentment of the check. *Dickinson v. Coates*, 79 Mo. 250. But we do not see how the plaintiffs could have been prejudiced by this instruction, taken in connection with the others and the conceded facts of the case. It does not direct a verdict. All the evidence shows that the check had been paid before notice not to pay was given by the plaintiffs. The only question of any merit is, was the payment rescinded. Upon this there was some evidence tending to show an existing custom or usage among the banks at St. Louis, by which the bank receiving a check through the clearing house in the morning had until two o'clock of the same day in which to return it to the bank from which it came. There was, also, evidence to the effect that no such right existed when the check was "good" and had been cancelled. But little evidence was offered upon the alleged usage, the parties do not appear to have relied upon it, for no instructions were asked upon the subject. The existence of a custom, and what it was, are questions of fact. For these reasons we cannot dispose of the case here upon such grounds.

3. While it appears on the one hand that Bartholow, Lewis & Company notified defendant that they would not take back the check which had been handed to their messenger, and that they prosecuted their claim against defendant to successful determination before the clearing house committee, it appears on the other that they sued the plaintiff on the check by attachment on the same day it was handed to the messenger, which suit appears to have been dismissed. In view of this evidence, plaintiff asked an instruction, that though the check was paid on the twenty-third of September, 1876, yet, if after that and by mutual assent of the parties, the payment was rescinded, then the defendant had no right to again pay the check and charge it to the plaintiffs. When the check came to Bartholow, Lewis & Company, it bore the evidences and assertion of the defendant's "can-

celled by mistake," when in fact it had not been cancelled by mistake at all. They declined to relieve the defendant, but at the same time sued the plaintiffs. Now, if they did not assent to a rescission of the payment, of which there is but little or no evidence, so far as the defendant is concerned, they had a right to retrace that step when informed of the real facts in the case. The instruction at first looks fair, but upon examination it will be found to be quite to the contrary, for if there was any rescission of the payment it could only be valid when made or acquiesced in after knowledge that the check had not been cancelled by mistake.

4. It was not necessary for the defendant to plead payment. If the check was rightfully paid there was no conversion. The whole record in the case of Bartholow, Lewis & Company against the plaintiffs in this case, was offered in evidence and excluded. We do not see how any part of that record, save the petition and affidavit, could have been competent evidence in this cause. All the facts with respect to the bringing and dismissal of that suit were in evidence without objections, and the plaintiffs had the full benefit of any deductions that might be drawn therefrom.

Affirmed. The other judges concur.