[No. 2052, April 24, 1918.]

OSBORNE v. OSBORNE et al.

### SYLLABUS BY THE COURT.

1. It is well settled that when there is a trial by the court, without a jury, the findings of fact are conclusive, and are not subject to review as erroneous or defective in the absence of proper exceptions thereto, which need not be formal, however. Under our statute the complaining party is required in some manner to call the attention of the trial court to the claimed error, and give that court an opportunity either to avoid or correct the same.                    P. 98

2. Possession in pursuance of a parol contract for the sale of lands, together with payment, in full or in part, of the purchase price, is recognized as sufficient part performance to take the case out of the statute of frauds.           P. 99

Appeal from District Court, Curry County; Richardson, Judge.

Action by Henry W. Osborne against William 'Barto Osborne and others. Judgment for plaintiff, and defendants appeal. Affirmed.

### · · STATEMENT OF FACTS.

By the complaint it is alleged that on the 1st day of January, 1909, the plaintiff furnished to the defendant William Barto Osborne, his nephew, at his request, the sum of $600 cash and $1,500 in stock of a mercantile company at Farwell, Tex., for the purpose of purchasing a relinquishment of and the improvements upon a certain · quarter section of land located in Curry county, N. M. Other sums of money in connection with the same transaction are also referred to in the pleadings and proof. The complaint further alleges that on or about the 15th day of March, 1911, after the defendant William Barto Osborne had made his final proof, a parol agreement was entered into between the parties whereby the appellant contracted to execute and deliver to the appellee a deed to the land in question in payment of the indebtedness referred to, to be made upon receipt by appellant of his patent from the government. Appellee further alleged by his complaint that relying upon the parol agreement in question, he entered into possession of the land, paid taxes thereon, made valuable improvements, and exercised every ownership over the same, but that the appellant failed and refused to execute a conveyance in accordance with the parol agreement, and subsequently conveyed the property to his wife, Leona Osborne, some time in August, 1915, without consideration and with the intent to defraud the appellee. Cancellation of the last-mentioned instrument was prayed for, and specific performance of the parol contract referred to. Appellants denied generally all the allegations of the complaint, pleaded the statute of limitations against a part of the money alleged to have been advanced by appellee; alleged that the stock in the mercantile corporation at Farwell, Tex., was valueless at the time of its delivery to appellant;

that the appellee had received as rentals from the land in question the sum of $600, leaving a balance of only $200 owing by appellants to the appellee, for which amount the appellants confessed judgment. It is further alleged that the land involved in the suit was acquired by virtue of the homestead laws, and that any agreement between the parties in regard to conveyance thereof prior to patent was void. Appellee in reply urged that the appellant was without the jurisdiction of the state for a period sufficient to toll the running of the statute of limitations against the claim for $600 received by the appellant William Barto Osborne from appellee in January, 1909; denied that the contract between the parties was fraudulent and void; denied, further, that the corporate stock was valueless. The trial court found the issues generally in favor of the appellee and against the appellants.

PATTON & BRATTON, of Clovis, and H. S. BOWMAN, of Santa Fe, for appellants.

FRANCIS C. WILSON and D. K. SADLER, both of Santa Fe, for appellee.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). [1] Appellee contends that no exception was made in the court below to the findings or the judgment; that therefore there is nothing to review in this court. This case was tried to the court without a jury, and, as contended by appellee, it is well settled that when there is a trial by the court, without a jury, the findings of fact are conclusive, and are not subject to review as erroneous or defective in the absence of proper exceptions thereto, which need not be formal, however. Under our statute, the complaining party is required in some manner to call the attention of the trial court to the claimed error, and give that court an opportunity either to avoid or correct the same. Wallis v. Mulligan,

20 N. M. 328, 148 Pac. 500. See, also, 3 Corpus Juris, 933 et seq., where the general rule and exceptions thereto are referred to.

We will consider such assignments of error as were properly called to the attention of the trial court.

[2] Upon the opening of plaintiff's case, the defendants (appellants here) moved that all evidence as to the alleged parol contract be excluded. This contention was based upon the fact that the amended complaint disclosed that the contract in question was in fact a parol one; it being urged that under the statute of frauds no evidence thereof was admissible. The overruling of the defendants' motion in this respect and the subsequent admission of evidence is made the basis of the first assignment of error. It is contended by appellee that the statute of frauds was not available to the appellants as a defense because it had not been specially pleaded. It is not necessary for us to determine this question, however, as it is not one concerning the sufficiency of the pleadings.

By the complaint it is set up that there was a part performance of the contract; that the plaintiff had entered into possession of the land in question, made valuable improvements, paid taxes, and in every way exercised ownership over the land. By the English rule, generally adopted by the text-books, possession of the land delivered by the vendor in pursuance of a parol contract is in itself sufficiently an act of part performance to take the case out of the statute. This rule has not been universally adopted in this country, but the American rule, as laid down in 36 Cyc. 654, is that possession in pursuance of a parol contract for the sale of lands, together with payment, in full or in part, of the purchase price, is recognized in nearly all jurisdictions as sufficient part performance to take the case out of the statute of frauds. In the instant case we have as well the payment of taxes and the making of valuable improvements upon the land in question, which are further elements frequently given consider-

ation by the authorities as influential in determining whether or not the case is within the statute. We therefore conclude that the facts set up by the complaint in this case do not disclose that the contract in question was within the statute of frauds. Our conclusion in this respect makes it unnecessary to give further consideration to the other assignments of error having to do with the admission of testimony concerning the contract, the objection to the admission of which evidence is all predicated upon the ground that the contract in question was within the statute of frauds. Other questions are raised as to the sufficiency of the evidence, the question of laches, and upon the ground that the contract in question was in conflict with the federal homestead laws. We have considered these questions, but do not desire to lengthen this opinion by a full discussion thereof, and we deem it sufficient to say that we find no merit in them.

The judgment of the lower court is therefore affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.