M. H. PATTERSON, Appellant, v. C. W. OAKES, Appellee.

BILLS AND NOTES: Actions—Stopping Payment on Check. Stopping payment on a check subjects the drawer to instant suit thereon, irrespective of the transaction out of which the check arose.

*Appeal from Shelby District Court.*—E. B. WOODRUFF, Judge.

MARCH 15, 1921.

ACTION at law on two checks aggregating $1,000, given as the first payment on the purchase price of a tract of real estate. The defendant stopped payment on the checks, and plaintiff brought suit thereon against the drawer. The trial court directed a verdict for the defendant, and plaintiff appeals.— *Reversed.*

*Edward S. White,* for appellant.

*T. H. Smith* and *Shelby Cullison,* for appellee.

FAVILLE, J.—The appellant is the owner of a farm consisting of 120 acres, in Shelby County, Iowa. On or about the 29th day of August, 1919, the appellant and the appellee entered into an oral contract, by which the appellant undertook to sell said farm to the appellee for the agreed price of $45,000. At

or about said time, the appellee gave to the appellant, as part of the purchase price of said farm, two checks, one in the sum of $200 and one in the sum of $800, payable to the order of the appellant, and drawn on the Farmers & Merchants Savings Bank, at Harlan, Iowa. Thereafter, and before the checks were presented for payment, the bank was directed by the appellee to refuse payment on the same, and such payment was refused. Thereupon, the appellant brought this action on said two checks. The appellee submitted a motion for a directed verdict, upon seven different grounds. The ruling of the court upon this motion was as follows:

"This motion has seven grounds for a directed verdict. The first is that the contract for the sale of this farm was in parol, and no part payment or possession given, and therefore within the statute of frauds. On that ground this motion is overruled. Now, without enumerating these in detail, the court is of the opinion that the time has not yet come for the courts to determine the rights of these parties, because the contract which the plaintiff alleges was made; and that it cannot be determined on a suit on the two checks in question, but they are simply a part of a contract which involves about $40,000; and that the plaintiff cannot maintain an action on the two checks, separate and apart from a determination of the rights of the parties on the alleged contract of sale; and that the defendant has till the first of March, and the plaintiff also, to complete that contract; and that the rights of the parties cannot now be determined. There are conjectures that might be made as to what might happen, but the court will not make any conjectures; but the thought of the court is that they cannot split up this lawsuit into two parts, and therefore, with that understanding, the motion is sustained on the other grounds. But the court does not offer to render any opinion binding upon the plaintiff as to whether there was or was not a valid contract which can be enforced, because that question is not pleaded, and is not before the court, except in an incidental way, sufficient to show the court the circumstances surrounding the giving of the checks; and therefore this ruling is not to be taken as an adjudication of the rights of the parties when the time comes to renew the question of the contract."

I.  Both parties submit extensive arguments on the proposition as to whether or not the contract for the sale of the farm referred to in the petition was within the statute of frauds, and whether the bar of the statute was removed.  Upon the record in this case, we think the argument is unavailing.  The court expressly overruled the ground of the motion involving the question of the statute of frauds.

II.  It is argued by appellant that the court was in error in directing a verdict on the ground that the action was prematurely brought, and that suit could not be maintained on the checks, separate and apart from a suit for a fulfillment of the contract of purchase of the land referred to.  This is really the only question in the case.

This suit is not a suit for specific performance of the contract for the purchase of land, nor is it a suit for damages for a breach of said contract.  The appellant's petition is based wholly upon the two written instruments, and he seeks recovery of a money judgment because the appellee had stopped payment on said checks, and because the bank had refused, because of such instruction, to pay and honor the same.  It is true that the appellant alleges in his petition that the checks were given as a part of a transaction for the purchase of a farm, and as earnest money.  The answer was a general denial.  Stated in another form, the appellant's petition does no more than state a cause of action upon two checks which, it is alleged, were executed and delivered to the appellant for a valuable consideration, and upon which payment has been stopped by appellee.

It is alleged that, at said time, the appellee had ample funds in the bank to meet said checks.  The question is:  Could this action be maintained on the checks at said time, or was the same prematurely brought?

Under our statute, Section 3060-a185, Code Supplement, 1913, a check is payable on demand.  Where the drawer of a check stops payment thereon, he is liable to the holder of the check for the consequences of his conduct.  In such event, the relations between the drawer and the payee became the same as if the check had been dishonored, and notice thereof given to the drawer.  The effect, so far as the drawer is concerned, is to change his conditional liability to one free from the condition,

and his situation is like that of the maker of a promissory note due on demand. *Usher v. Tucker Co.*, 217 Mass. 441 (105 N. E. 360); *Albers v. Commercial Bank*, 85 Mo. 173 (55 Am. Rep. 355); *Brown v. Cow Creek Sheep Co.*, 21 Wyo. 1 (126 Pac. 886).

The question of the statute of frauds was not passed upon by the court, and was merely incidental to this suit, as showing that the checks were based upon a valuable consideration. See, however, *Rohrbach v. Hammill*, 162 Iowa 131.

Upon the issues as tendered, and the evidence submitted, the court was in error in sustaining appellee's motion for a directed verdict, upon the grounds set forth; and because thereof the judgment of the lower court is—*Reversed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.