42 P.(2d) 768

**WALKER v. SMITH et al.**

No. 3975.

Supreme Court of New Mexico.

March 4, 1935.

Rehearing Denied April 9, 1935.

Edwin Mechem, of Las Cruces, for appellant.

Edward D. Tittmann, of Hillsboro, for appellees.

BICKLEY, Justice.

Plaintiff (appellee) Smith sued defendants to recover judgment on a promissory note executed by C. S. Walker and Frances A. Walker and to foreclose a mortgage securing said note. The defendants answered admitting the execution of the note and mortgage, denying that they were given for a valuable consideration, and alleging that C. S. Walker and Frances A. Walker were induced to sign

same by the false and fraudulent representations of the plaintiff, and further alleging that in the year 1923 the plaintiff and defendants entered into negotiations for the exchange of the lands of the defendants in Arkansas for the land of the plaintiff described in the mortgage. The exchange was to be effected by deeds, and the defendants were to give the plaintiff a note for the difference in value, said note to be secured by a mortgage on the lands deeded by plaintiff. The land of plaintiff consisted of two tracts of 80 acres each. The Rio Grande flowed across the land. Defendants averred that the plaintiff, in order to induce the Walkers to make the exchange, falsely and fraudulently represented to them that of said 160 acres of land not more than 10 acres were in the river, when in truth and in fact at least 25 acres of said land were in the river; that the land deeded by the defendant to the Walkers was valued in said trade at $100 per acre and the plaintiff falsely and fraudulently represented to the Walkers that there were 150 acres of said land susceptible of cultivation and irrigation and not in the river, when in truth and in fact there was not in excess of 135 acres of said land out of the river and susceptible of cultivation and irrigation; that the Walkers relied on the representations of Smith as to the acreage out of the river and susceptible of cultivation and irrigation and accepted the same at a value of $15,000, whereas in truth and in fact, at the agreed price per acre, said land was not worth in excess of $13,500; that, but for the false and fraudulent representations of the plaintiff, the said C. S. Walker and Frances A. Walker would not have executed said note and mortgage.

The case came on for hearing, and at the close of the testimony defendants made and requested findings of fact and conclusion of law.

The court made eight of defendants' requested findings and refused Nos. 4, 8, and 9. and refused defendants' conclusion of law. The court entered a final decree in favor of the plaintiff ordering foreclosure of the mortgage, from which decree the defendant Frances A. Walker has appealed.

The errors assigned are the refusal of the court to make the findings of fact requested by the defendants, as follows:

"4. That at said time not less than 25 acres of said land were in the river and not more than 135 acres of said land were out of the river and susceptible of cultivation."

"8. The plaintiff at the time the said L. A. Walker examined said land represented to said L. A. Walker that there was not more than ten acres in the river and that there were 150 acres out of the river."

"9. That the said Leon A. Walker made no independent investigation for the purpose of determining the amount of land in the river, but accepted the statement made by the plaintiff as true."

Error is also assigned for the refusal of the court to conclude as a matter of law:

"1. That by reason of said misrepresentations on the part of the plaintiff, the plaintiff is not entitled to recover in this action."

If there was no error in refusing to find the facts as requested, the conclusion of law was properly refused.

The defendants presented the testimony of Leon A. Walker, son of C. S. Walker, who was agent for his father in the transaction, and B. B. Romig, a surveyor.

There was no evidence offered on behalf of plaintiff tending to disprove the evidence offered by defendants.

■ As to requested finding No. 4, the evidence is of doubtful weight and value, and warranted conflicting inferences, and we find no error in the court's refusal to give such requested finding. The same is true of requested finding No. 9. There is evidence which would warrant the court in believing the witness Walker, acting as the agent of his father, did make an independent investigation for the purpose of determining the amount of land in the river, and that he did not accept without investigation the statement of plaintiff as to the amount of land out of the river.

■ It is true that the evidence relied upon by appellant is not contradicted by the testimony of any other witness, but it contained such elements of weakness on the cross-examination and otherwise that we are not able to say that the court was in error in refusing to hold that it supported such requested finding.

■■ The request for finding No. 8 presents greater difficulty. In First National Bank v. Stover, 21 N. M. 453, 155 P. 905, 915, L. R. A. 1916D, 1280, Ann. Cas. 1918B, 145, we said: "In the examination of the testimony of the witness, if he stands unimpeached, either by direct evidence of his lack of veracity, or of his bad moral character, or if unimpeached by some equivocal character of his testimony or inherent improbability therein, or by some other legal method of impeachment, we must assume that his evidence is true."

In Gebby v. Carrillo, 25 N. M. 120, 177 P. 894, it is suggested that the interest of the witness in the outcome of the trial might be considered as furnishing a proper ground for disbelief of the witness. However, we do not rely upon this in the case at bar, although the interest of the witness is manifest.

Applying the doctrine of the Stover Case as being unimpaired, we are not able, from an examination of the record, to say that the court may not have erred in refusing the request for this finding. Yet it does not follow that appellant is entitled to a reversal of the judgment on account of the refusal of the court to give such requested finding No. 8.

■■ Defendants sought to defeat recovery on the promissory note upon the ground that it would not have been executed except for the false and fraudulent representations of the plaintiff which were relied on by the makers of the note. Upon the defendants rested the burden of proving by clear and convincing evidence these averments of fraud and reliance thereon. The court found the issue against the defendants, and we must presume that the court found either that the refused requested findings were not warranted by satisfactory evidence or were immaterial. It not being shown that the trial court was in error in refusing to find that the representations

of plaintiff reflected in requested finding No. 8 were "false and fraudulent," or that they were "relied on" by the makers of the note, it was nonprejudicial error for the court to refuse such requested finding No. 8, if error it was.

Finding no reversible error in the record, the judgment is affirmed, and the cause remanded, and it is so ordered.

SADLER, C. J., and HUDSPETH and WATSON, JJ., concur.

ZINN, J., not participating.