**B. G. MUELLER, Appellant,**

v.

**L. E. LOCKHART, Appellee.**

No. 3318.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1957.

Rehearing Denied June 14, 1957.

B. G. Mueller, San Antonio, for appellant.

Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellee.

GRISSOM, Chief Justice.

Lockhart sued Mueller on a promissory note executed by defendant to the plaintiff. Mueller answered that there was no consideration for the note; that plaintiff failed to deliver title "covering the alleged contract" and that the "contract constituted an interest in real estate" and was within the statute of frauds. In a trial to the court, judgment was rendered for the plaintiff and Mueller has appealed.

The effect of his points is that (1) the undisputed evidence showed there was no consideration for the note; (2) the court erred in admitting a letter written by Mueller to Lockhart's attorney in which Mueller said that there was no dispute about him owing the note and that he would pay it as soon as he was able; (3) the court erred in failing to file additional findings of fact and that (4) the court erred in overruling his motion for a new trial based on newly discovered evidence.

There was sufficient evidence to justify a finding that Lockhart, Mueller and another agreed to jointly purchase an oil and gas lease in Lockhart's name; that it was so purchased, Lockhart paid Mueller's part of the consideration and Mueller exe-

cuted and delivered to Lockhart a note therefor. There was, therefore, evidence supporting the conclusion that there was a valuable consideration for the note.

 The judgment should not be reversed because of the admission of the letter from appellant to Lockhart wherein Mueller stated there was no controversy about the fact that he owed the note and in which he promised to pay it as soon as he was able. Appellant now contends that said letter was not admissible because it was an offer to compromise. No such objection was made on the trial. Assuming that it was subject to the objection made, since the trial was to the court, we must presume that the Court did not consider any evidence that was not admissible.

Appellant's motion for a new trial was based entirely upon newly discovered evidence. The evidence was a letter from Lockhart to Mueller in which Lockhart said he would execute an assignment to Mueller of Mueller's interest in the lease. We think this was immaterial. There was no evidence that Mueller had demanded and Lockhart had refused to execute such a transfer. Lockhart wrote a letter to Mueller stating Mueller's interest in the lease. Assuming the materiality of the letter, the court did not abuse its discretion in overruling the motion for new trial on the ground that appellant was lacking in diligence in failing to find and present the letter on the trial. Mueller alleged that he looked for the letter and "assumed" that his father had given it to the Salvation Army in a paper drive but later found it among his own papers while looking for another instrument. He made no effort on the trial to testify that it was lost and to reveal its contents.

The additional findings requested were immaterial. Appellant contends that introduction of the note and recovery thereon constituted a violation of the statute of frauds. This is not the law. 20–A Tex. Jur. 305. We think said statute has no application, moreover, that question is not in-

cluded in appellant's points. See 20 Tex. Jur. 354. This suit is not on an oral contract for the sale of the land. The defense that the agreement for the sale of the lease to Mueller, Lockhart and another was not in writing is inapplicable. 20–A Tex.Jur. Sec. 96, p. 305; Crutchfield v. Donathon, 49 Tex. 691 and Busby v. Bush, 79 Tex. 656, 15 S.W. 638.

There is no merit in appellant's points and they are overruled. The judgment is affirmed.