326 P.2d 368

Sally COSEBOOM, Plaintiff-Appellant,

v.

Margaret S. MARSHALL'S TRUST; Margaret Meyer, also known as M. Meyer, individually and as Trustee of the Defendant, Margaret S. Marshall Trust; Schuyler B. Marshall III, individually, and as Trustee of the Defendant, Margaret S. Marshall Trust; and F. P. Schuster, individually and as Trustee of the Defendant, Margaret S. Marshall Trust, Defendants-Appellees.

No. 6341.

Supreme Court of New Mexico.

June 4, 1958.

Shipley & Seller, Alamogordo, for appellant.

J. D. Weir, Las Cruces, L. J. Maveety, Las Cruces, Schuyler B. Marshall, El Paso, Tex., for appellees.

SHILLINGLAW, Justice.

The plaintiff in this case filed a complaint which read in part:

"2. That heretofore on or about August 1, 1955, the defendant, Margaret Meyer, sought of one Roger E. Mayfield, agent of the plaintiff, to purchase plaintiff's real estate hereinabove described and in negotiations between the said agent of the plaintiff and the said Margaret Meyer it was agreed that the plaintiff would sell and the said Margaret Meyer would purchase the aforesaid real estate for a cash purchase price of $10,500.00; and the said defendant, Margaret Meyer, then and there offered to and agreed with the said agent of the plaintiff that she would make a payment to the plaintiff of the sum of $1,000.00 immediately if plaintiff would move out of said building and give the said Margaret Meyer immediate possession thereof. That said proposition was agreed to by said agent on behalf of his principal, the plaintiff.

"3. That pursuant to the aforesaid negotiations and agreements, the defendants, Margaret S. Marshall Trust, Margaret Meyer, Schuyler B. Marshall III and F. P. Schuster caused to be drawn and delivered to the said agent of the plaintiff an order or check on the State National Bank of El Paso, Texas, for the payment of the sum of $1,000.00. The said check or order is in words and figures as follows, to-wit:

172

" 'Margaret S. Marshall Trust      88–6 / 1120

El Paso, Texas    Aug 1 194—— No. 324

Pay
To The
Order of      R. E. Mayfield      $ 1,000.00/100

One thousand ···················································Dollars

Margaret S. Marshall Trust

The State National Bank    /s/ Schuyler b. Marshall III
     of El Paso           Trustee
   El Paso, Texas    /s/ F. P. Schuster
                 Trustee

(Countersigned: M. Meyer, Trustee)'

————◆————

"4. That pursuant to the aforesaid agreement and in consideration of the payment of said sum of $1,000.00, the plaintiff moved her furniture and household goods and effects out of the aforesaid building and the defendant, Margaret Meyer, moved in and took possession of the said premises.

"5. Immediately after the issuance and delivery of the above described check or order, the same was deposited by the said Roger E. Mayfield, agent of the plaintiff, in the Otero County State Bank of Alamogordo, New Mexico, for presentation in the usual course of banking and thereafter and in due course the said check or order was presented to the said State National Bank of El Paso, Texas, and payment thereof refused.

"The plaintiff alleges that subsequent to the issuance and delivery of possession of said property, as hereinabove set out, the defendants, Margaret Meyer, Schuyler B. Marshall III and F. P. Schuster, or one or more of them, ordered the said National Bank of El Paso, Texas, to refuse payment of said check or order.

"6. That said check or order was given for a valid consideration to the said Roger E. Mayfield, as agent of the plaintiff, and was given to and received by him for the use and benefit of this plaintiff.

"7. That said check or order has never been paid and this plaintiff has received no proceeds or benefits therefrom. That payment of said check or order has been demanded by plaintiff and refused.

"That by reason of the facts aforesaid, this plaintiff has been damaged in the sum of $1,000.00.

"Wherefore, Plaintiff Prays judgment against the defendants, and each of them, jointly and severally, for the sum of $1,000.00, together with interest thereon, and for her costs herein expended."

In an "Answer to request for admission of facts", the plaintiff said, as follows:

"1. She admits that no sale and purchase agreement between the parties hereto was reduced to writing, other than the check or draft copied into the complaint herein.

"2. She admits that no note or memorandum evidencing the purported agreement, other than the check referred to and copied into the complaint herein, was signed by the defendant, Margaret S. Marshall Trust, or anyone lawfully authorized to do so on its behalf."

The defendant, Margaret Meyer, individually, and as trustee filed a motion to dismiss plaintiff's complaint and alleged as grounds therefor:

"1. That the complaint and each cause of action thereof fails to state a claim upon which relief can be granted.

"2. That as appears from the Complaint and particularly paragraph 2 thereof the purported agreement upon which plaintiff's actions are based was not reduced to writing and no note or memorandum thereof signed by this defendant or by anyone lawfully authorized by her, and such agreement was, therefore, within the statute of frauds, and for that reason plaintiff's actions cannot be maintained.

"Wherefore, said defendant prays that plaintiff's Complaint and two causes of action be dismissed, and that she recover her costs."

Subsequently, on the 10th day of June, 1957, the lower court entered its order sustaining the motion to dismiss concluding that the cause of action was within and barred by the statute of frauds. Whereupon it dismissed with prejudice the plaintiff's complaint.

The plaintiff thereupon appealed to this Court and the foregoing constitutes the entire record before us upon which we rely in basing our decision, the allegations of the complaint being admitted by the defendant by virtue of his motion to dismiss. 1, Barron and Holtzoff, Federal Practice and Procedure § 350.

Although other parties are named as defendants in the complaint the only defendant before the court below and this Court is the appellee, Margaret Meyer, also known as M. Meyer individually and as trustee of the Margaret Marshall Trust.

We determine the only question before this Court to be: is the plaintiff's action within and barred by the statute of frauds?

The lower court held in the affirmative. We do not agree with that conclusion.

We have in this case a situation where from the pleadings the facts are admitted that the appellee, following oral negotiations with plaintiff's agent, gave a check for $1,000 and went into possession of the premises and then stopped payment on the check.

In arriving at a decision in this case we must determine whether the appellant had the right to recover on a check delivered as part of the consideration of a parol contract and only so far as the right of recovery on the check is affected by the statute of frauds.

The English Statute of Frauds (29 Charles II, c. 3) in force in New Mexico, as part of the common law, provides:

"No action shall be brought on any contract or sale of tenements or hereditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some person therewith by him lawfully authorized."

Childers v. Talbott, 4 N.M.Gild. 336, 16 P. 275, and Section 21-3-3, N.M.S.A., 1953 Comp.

It is interesting to note that in Osborne v. Osborne, 24 N.M. 96, 172 P. 1039, this Court held that a vendee under an oral contract for the purchase of real estate, having paid the purchase price and being in possession, was permitted to prosecute a suit for specific performance, this Court holding that under the facts in that case the action was not within the statute of frauds. In the instant case the vendor is suing on a check, payment on which had been stopped, given in part payment of the purchase price.

This is a case of first impression in this jurisdiction but the better reasoning and the great majority of cases hold that an action such as this is not within the statute of frauds and, therefore, the appellee's motion to dismiss should have been rejected by the trial court.

In Garbarino v. Union Savings & Loan Ass'n, 107 Colo. 140, 109 P.2d 638, 132 A.L.R. 1480, the plaintiff brought suit on a check drawn by the defendant to the plaintiff's order and upon which the defendant had stopped payment. The check was in the sum of $1,000 and constituted a down payment on certain real estate which the parties had orally contracted to transfer. Among the defenses pleaded to the suit was the statute of frauds. The Colorado Supreme Court affirmed the lower court in holding that a suit on the check could be maintained.

We think the facts in the Garbarino case, supra, are practically identical with the facts in this case and that the holding

of the Colorado court follows the better reasoning of the majority of the cases. The question is annotated in 32 A.L.R. 1486 and the general rule will be found at 49 Am.Jur. 845.

The order of the lower court sustaining the motion to dismiss is reversed and the case remanded for further proceedings not inconsistent herewith.

It is so ordered.

LUJAN, C. J., McGHEE and COMPTON, JJ., and DAVID W. CARMODY, D. J., concur.