356 P.2d 117

**Sally COSEBOOM, Plaintiff-Appellee and Cross-Appellant,**

v.

**Margaret S. MARSHALL TRUST; Margaret Meyer, also known as M. Meyer, Individually and as Trustee of the Defendant, Margaret S. Marshall Trust; Schuyler B. Marshall III, Individually and as Trustee of the Defendant, Margaret S. Marshall Trust; and F. P. Schuster, Individually and as Trustee of the Defendant, Margaret S. Marshall Trust, Defendants-Appellants and Cross-Appellees.**

No. 6674.

Supreme Court of New Mexico.

Oct. 18, 1960.

J. D. Weir, J. R. Crouch, Las Cruces, Schuyler B. Marshall, El Paso, Tex., for appellants.

Shipley, Seller & Whorton, Alamogordo, for appellee.

MOISE, Justice.

This action was instituted by the plaintiff-appellee to recover $1,000, represented by a check in that amount given by defendant-appellant as a down payment on the purchase of a house from appellee, payment of the said check having been stopped.

A motion to dismiss the complaint was filed by appellant, on the ground that the complaint failed to state a cause of action, and on the further ground that there being no agreement in writing or note or memorandum signed by appellant, the action could not be maintained because of the statute of frauds. The motion to dismiss having been sustained an appeal to this court was perfected, and upon consideration thereof we reversed and remanded the cause for further proceedings, holding the action was not barred by the statute of frauds under the facts pleaded and admitted by the motion to the effect that after oral negotiation and reaching agreement a check for $1,000 was given by appellant and she then went into possession of the premises and then stopped payment. Coseboom v. Marshall's Trust et al., 64 N.M. 170, 326 P.2d 368.

After remand appellant filed her answer setting up four defenses as follows: (1) that the complaint failed to state a claim upon which the relief sought could be granted, (2) that the action being based upon an oral agreement for the sale of real estate it was barred by the statute of frauds, (3) that the giving of the check in issue was induced by appellee's fraudulent representations upon which appellant relied, and (4) that the delivery of the check was induced by false and fraudulent representations of appellee relied on by appellant, and upon discovery of the same appellee was advised and a return of the check requested and refused, resulting in an entire failure of consideration for the check.

A trial was had before the court on the issues as made up by the complaint and

answer, after which a decision was rendered for appellee and against appellant.

The facts found by the court and material to decision are generally the following. Appellee was the owner of a house in Cloudcroft, New Mexico, which she had listed for sale with one Roger Mayfield, a real estate broker. One or two days before August 1, 1955, appellant overheard a conversation between Mr. Mayfield and a lady concerning possible sale of appellee's house, and thereupon approached Mr. Mayfield and expressed an interest in seeing the house with a view to buying it. Mr. Mayfield showed appellant through the house that same day, and she had an opportunity and did inspect it thoroughly. Mr. Mayfield advised that the price of the house was $10,500 cash, and that appellant would have until 6:00 p. m. on August 1, 1955, in which to decide if she wanted to purchase the property, and that if she did decide to purchase it, she should deposit $1,000 with Mr. Mayfield's wife before that time, with the balance to be paid when deeds were prepared and delivered after Mr. Mayfield's return from Albuquerque where he was going on a short trip.

On August 1, 1955, before 6:00 p. m., appellant delivered a check for $1,000 made payable to R. E. Mayfield. Appellee was present at the time, and was asked, "Now that I have paid the $1,000.00, when can I get possession?" to which appellee replied, "I will move my things out in the morning and you can move in." Appellee did move her things out the following morning, and appellant that same day put a new lock on the front door of the house, moved certain items into the house, had some repairs made thereon, had the electricity turned on, started cleaning the house and had a load of wood put in the wood shed.

The check for $1,000 drawn on a bank in El Paso, Texas, was deposited some two or three days after its receipt on August 1, 1955, and on or about August 11, 1955, the check was returned by the bank with a notation that payment had been stopped. Payment had been ordered stopped by appellant. Findings of fact 9, 10, and 11, as made by the court, are quoted for convenience:

"9. The defendant, Margaret Meyer, moved out of the building without any notice to the plaintiff or her agent and did not communicate with either the plaintiff or her agent thereafter until this suit was filed, but about a week after the check was given, the defendant's son met plaintiff's agent and requested return of the check, which was refused. No false or fraudulent representations of any kind or character were made by the plaintiff or by her said agent, Mayfield, or by anyone else to induce the said defendant to deliver the said check to the plaintiff.

"10. It was intended by the parties that the $1,000.00 check so given would apply on the purchase price of the property and the consideration for the check was the agreement of the plaintiff to convey title to the defendant to the property involved and for the immediate possession of the premises pending the drafting of the deed and papers affecting the transfer. The plaintiff would not have moved her own things out of the house, nor would she have surrendered possession of the property to the defendant, Meyer, had the $1,000.00 check not been given by the defendant.

"11. That the said $1,000.00 check was delivered and accepted as earnest money and down payment on the purchase price by plaintiff under a preliminary verbal agreement which was to be later more fully agreed upon and reduced to writing by the parties."

Appellant sets forth 18 points relied on for reversal. However, except for three matters all of her argument is addressed to claimed errors by the court in making certain findings and conclusions and denying others. It is true that appellant's testimony differed materially from that of appellee and other witnesses on several important aspects of the case. It is not necessary to detail what these variances were. It is sufficent to point out there was substantial evidence to support the findings and conclusions made by the court and accordingly they will not be disturbed on appeal. Andriola v. Milligan, 52 N.M. 65, 191 P.2d 716; Davis v. Merrick, 66 N.M. 226, 345 P.2d 1042. That there may have been contrary evidence which would have supported a different finding or conclusion does not alter the situation. Addison v. Tessier, 65 N.M. 222, 335 P.2d 554. Appellant also complains about the court's failure to make certain findings requested by her and not covered by findings made. The appellant was in no way prejudiced by the court's action, the matters covered by the requests not being material to a decision in the case. The same is true of objections to certain evidentiary facts found by the court. Even though some evidentiary facts may have been found, the appellant was not prejudiced thereby.

Two arguments advanced by appellant merit further discussion. First of these is her argument on her points 1 and 10 which she discusses together. We will do likewise.

If we correctly appraise her position in connection with these two points it is to the effect that the proof fails to establish a case because the suit is one on an oral agreement barred by the statute of frauds. As has already been pointed out, we decided on the previous appeal of this case that assuming the facts alleged in the complaint to be true, the action was not barred by the statute. Coseboom v. Marshall's Trust,

supra. Appellant again asserts that it is barred for the reason that the proof failed to establish that possession was any portion of the consideration given for the check. This claim is based upon the fact that it is uncontroverted and in accord with the findings of fact of the court that possession was not mentioned until after the check had been delivered, at which time appellant said to appellee, "Now that I have paid the $1,000.00, when can I get possession?" and appellee replied, "I will move my things out in the morning and you can move in."

■ In our previous consideration of this case we stated that, "We have in this case a situation where from the pleadings the facts are admitted that the appellee (appellant here), following oral negotiations with plaintiff's agent, gave a check for $1,000 and went into possession of the premises * * *" and then determined that in that situation plaintiff's action was not barred by the statute of frauds. We did not say that the possession must have been given as part of the consideration, if that makes any difference. The proof adduced at the trial and the findings of the court, supported by substantial evidence, are to the effect that the check was given and appellee moved out and the possession of the premises surrendered to appellant. This being true the action was not barred and the motion to dismiss at the close of appellee's case was correctly overruled.

Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R.2d 830, cited and relied on by appellant is not in point. It differs materially on its facts in many respects, not the least important difference being that it is a suit by a purchaser to enforce a contract of sale not valid under the statute of frauds, and on which a down payment had been made, whereas the instant case is a suit by the seller to collect the down payment made by the purchaser.

■■ We do not follow appellant's next argument that appellee cannot recover because there has been a failure of consideration. The court refused appellant's tender of a finding to this effect. Under such circumstances, the court having found the issues for appellee, it is evident that the court did not consider the same material or warranted by satisfactory evidence. Walker v. Smith, 39 N.M. 148, 42 P.2d 768. The burden of proving the failure of consideration was on appellant. The court having made no finding concerning the same, the effect is the same as a finding against appellant. Farrar v. Hood, 56 N.M. 724, 249 P.2d 759.

Appellant's points 8 and 9 claim error in the trial court's failure to adopt her requested findings 14 and 15, asserting that the same are supported by substantial and uncontradicted evidence. In the assertion that there is no evidence to the contrary these requested findings differ from those hereinbefore discussed and command our

attention. These two findings refused by the court are as follows:

"14. That there was no agreement between the parties that the $1,000 check sued upon should be forfeited and would become liquidated damages in event of defendant's refusal or failure to consummate the contemplated purchase of plaintiff's said property and premises.

"15. That plaintiff sustained no actual damage by reason of defendant's stop payment order on said check."

The court in its finding No. 10 stated that, "It was intended by the parties that the $1,000 check * * * would apply on the purchase price of the property * *" and in its finding No. 11, that the "* * * check was delivered and accepted as earnest money and down payment on the purchase price * * *". Appellant strongly relies on our decision in Ashley v. Fearn, 64 N.M. 51, 323 P.2d 1093. In that case we held in a suit by the purchaser to recover moneys deposited as earnest money with a written offer to purchase that unless it was proved that such money was intended to be forfeited as liquidated damages in the event purchaser did not complete the purchase, it would not be so construed. We specifically stated, however, that earnest money might be considered as liquidated damages "where it is deposited in part performance of a contract," but

held that in that case the "purchase contract was only in the offing."

What we decided in Ashley v. Fearn, supra, in no way supports appellant's position here. This is not an action to recover an amount as liquidated damages, but is a suit to recover on a check delivered as a down payment on a contract. Appellant could not have recovered the money back in the event she had paid cash and then refused to complete the purchase (see cases cited in Note in 132 A.L.R. 1486, at p. 1489) and the converse is equally true that in like circumstances the vendor (appellee here) may recover on the check given as earnest money or down payment. Garbarino v. Union Savings & Loan Ass'n, 107 Colo. 140, 109 P.2d 638, 132 A.L.R. 1480.

In the case of Kinzie v. Harper, 15 Ont. L. 582, the answer to this defense is announced. The suit there was on a check given in partial payment. The court in giving judgment on the check stated, "* * Here the cheque sued on was given in part payment and not to secure payment of damages or penalty for nonperformance * * *" Supporting the same rule of law are cases cited in 132 A.L.R. 1486. See also Phelan v. Carey, 222 Minn. 1, 23 N.W. 2d 10; Mueller v. Lockhart, Tex.Civ.App., 303 S.W.2d 801; Thompson v. Schurman, 65 Cal.App.2d 432, 150 P.2d 509; 2 Williston on Contracts 1562, § 538. In the

light of the authority cited, appellant's points 8 and 9 are ruled against her.

The foregoing disposes of the points relied on by appellant, all of which are held to be without merit. It follows that there was no error in entering the judgment in favor of appellee.

However, judgment was entered on April 10, 1959, in the amount of $1,000 with interest thereon at 6% from August 11, 1955, the date of the refusal of payment on the check. The court amended its judgment on April 22, 1959, awarding interest only from April 10, 1959, the date of the original judgment. The appellee by cross-appeal complains that she was entitled to interest from August 11, 1955, for the reason that the check represented part payment on the contract, possession of the property was given, and cross-appellant was entitled to the money at that time, namely, when payment was refused on August 11, 1955.

§ 50-6-3, N.M.S.A.1953, provides that:

"The rate of interest, in the absence of a written contract fixing a different rate, shall be six per cent (6%) per annum in the following cases:

"First. On money due by contract."

As stated in Roswell State Bank v. Lawrence Walker Cotton Co., 56 N.M. 107, 240 P.2d 1143, § 50-6-3, N.M.S.A.1953, controls, and the question is whether a check on which payment has been stopped comes within the classification of "money due by contract." We are convinced that it should be so considered.

In Patterson v. Oakes, 191 Iowa 78, 181 N.W. 787, 14 A.L.R. 559, 788, it was stated:

"* * * Where the drawer of a check stops payment thereon, he is liable to the holder of the check for the consequences of his conduct. In such event the relations between the drawer and the payee become the same as if the check had been dishonored and notice thereof given to the drawer. The effect, so far as the drawer is concerned, is to change his conditional liability to one free from the condition, and his situation is like that of the maker of a promissory note, due on demand. Usher v. A. S. Tucker Co., 217 Mass. 441, 105 N.E. 360, L.R.A.1916F, 826; Albers v. Commercial Bank, 85 Mo. 173, 55 Am.Rep. 355; Brown v. Cow Creek Sheep Co., 21 Wyo. 1, 126 P. 886."

Flynn v. Currie, 130 Me. 461, 157 A. 310; Bond v. Krugg, 115 Okl. 222, 242 P. 559; and Korte v. Long, 61 S.D. 267, 248 N.W. 253, support the rule.

The check having taken on the characteristics of a demand note there can be no question that the statute covering interest on money due on contract applies. From what date is the interest to be figured? The check having been dishonored, no additional demand was required. The

amount of the check was immediately due and payable without further action by appellee, the holder. Accordingly, interest would commence to run immediately. This is in accord with the vast majority of cases which hold that on demand notes interest is recoverable from time of demand. See annotations in 45 A.L.R.2d 1202, at page 1204.

In a situation where no additional demand is required to mature the indebtedness, reason and logic support the accrual of interest from the date of refusal of payment. Since appellee was entitled to the money at the time payment was refused and appellant has had the use of it from that time, it is only proper that interest at the rate provided by law should be paid during the period that appellee was deprived of the same. From what has been said it follows that the court erred in denying interest from and after August 11, 1955.

For the reasons hereinbefore set forth the cause is reversed and remanded to the district court with instructions to set aside the judgment appealed from, and to enter a new judgment which includes interest from and after August 11, 1955, at the rate of 6% per annum. In all other respects the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.